**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 21-cv-02859-PAB-MEH

CROCS, INC.,

       Plaintiff,

v.

JOYBEES, INC., and
KELLEN McCARVEL,

       Defendants.

---

**DEFENDANT JOYBEES LLC'S ANSWER TO PLAINTIFF CROCS, INC.'S
FIRST AMENDED COMPLAINT, AFFIRMATIVE DEFENSES,
COUNTERCLAIMS AND JURY DEMAND**

---

Defendant Joybees LLC ("Joybees" or "Defendant"), by and through its undersigned counsel, for its Answer to Plaintiff Crocs, Inc.'s First Amended Complaint [ECF No. 85] (the "Amended Complaint"), Affirmative Defenses, Counterclaims and Jury Demand, states as follows:

## ANSWER

Defendant denies generally all claims not specifically admitted herein in accordance with Rule 8(b) of the Federal Rules of Civil Procedure. In light of the foregoing, Joybees answers the Amended Complaint as follows:

## INTRODUCTION

Subject to and without waiving the foregoing, Joybees responds to the separate, numbered paragraphs of the Amended Complaint as follows:

1.      Paragraph 1 contains conclusory statements and/or legal conclusions to which no response is required.  To the extent a response is deemed necessary, Joybees denies the allegations in Paragraph 1.

2.      The allegations in Paragraph 2 are directed at Defendant Kellen McCarvel ("McCarvel").  Joybees is without sufficient information or belief to respond to the allegations in Paragraph 2, and therefore denies the same.  To the extent the allegations in Paragraph 2 are directed at Joybees, Joybees denies the same.

3.      The allegations in Paragraph 3 are directed at McCarvel.  Joybees is without sufficient information or belief to respond to the allegations in Paragraph 3, and therefore denies the same.  To the extent the allegations in Paragraph 3 are directed at Joybees, Joybees denies the same.

4.      Paragraph 4 contains conclusory statements and/or legal conclusions to which no response is required.  To the extent a response is deemed necessary, Joybees denies the allegations in Paragraph 4.

5.      Paragraph 5 contains conclusory statements and/or legal conclusions to which no response is required.  Furthermore, the allegations in Paragraph 5 are directed at McCarvel. Therefore, Joybees denies the allegations in Paragraph 5.

6.      The allegations in Paragraph 6 are directed at McCarvel.  Joybees is without sufficient information or belief to respond to the allegations in Paragraph 6, and therefore denies the same.

7. The allegations in Paragraph 7 are directed at McCarvel. Joybees is without sufficient information or belief to respond to the allegations in Paragraph 7, and therefore denies the same.

8. Paragraph 8 contains conclusory statements and/or legal conclusions to which no response is required. In addition, the allegations in Paragraph 8 are directed at McCarvel. To the extent a response is deemed necessary, Joybees denies the same.

9. Paragraph 9 contains conclusory statements and/or legal conclusions to which no response is required. In addition, the allegations in Paragraph 9 are directed at McCarvel. To the extent a response is deemed necessary, Joybees denies the same.

10. To the extent the allegations in Paragraph 10 are directed at McCarvel, Joybees is without sufficient information or knowledge to respond, and therefore denies the same. To the extent the allegations in Paragraph 10 are directed at Joybees, Joybees denies the allegations in Paragraph 10.

11. Paragraph 11 contains conclusory statements and/or legal conclusions to which no response is required. To the extent a response is deemed necessary, Joybees denies the allegations in Paragraph 11.

## PARTIES

12. Joybees is without sufficient information or knowledge to respond to the allegations in Paragraph 12, and therefore denies the same.

13. Joybees admits that it produces and sells footwear in various stores throughout the United States and world. Except as expressly admitted herein, Joybees denies the allegations in Paragraph 13.

3

14.     Joybees is without sufficient information or knowledge to respond to the allegations in Paragraph 14, and therefore denies the same.

**JURISDICTION AND VENUE**

15.     Paragraph 15 contains conclusory statements and/or legal conclusions to which no response is required.  To the extent a response is deemed necessary, Joybees denies the allegations in Paragraph 15.

16.     Paragraph 16 contains conclusory statements and/or legal conclusions to which no response is required.  To the extent a response is deemed necessary, Joybees denies the allegations in Paragraph 16.

17.     Paragraph 17 contains conclusory statements and/or legal conclusions to which no response is required.  To the extent a response is deemed necessary, Joybees denies the allegations in Paragraph 17.

18.     Paragraph 18 contains conclusory statements and/or legal conclusions to which no response is required.  To the extent a response is deemed necessary, Joybees denies the allegations in Paragraph 18.

**FACTS RELEVANT TO ALL CLAIMS**

19.     Joybees is without sufficient information or knowledge to respond to the allegations in Paragraph 19, and therefore denies the same.

20.     Joybees is without sufficient information or knowledge to respond to the allegations in Paragraph 20, and therefore denies the same.

21.     Joybees is without sufficient information or knowledge to respond to the allegations in Paragraph 21, and therefore denies the same.

22.     Joybees is without sufficient information or knowledge to respond to the allegations in Paragraph 22, and therefore denies the same.

23.     Joybees is without sufficient information or knowledge to respond to the allegations in Paragraph 23, and therefore denies the same.

24.     Joybees is without sufficient information or knowledge to respond to the allegations in Paragraph 24, and therefore denies the same.

25.     Joybees is without sufficient information or knowledge to respond to the allegations in Paragraph 25, and therefore denies the same.

26.     Joybees is without sufficient information or knowledge to respond to the allegations in Paragraph 26, and therefore denies the same.  Joybees further denies the allegation that "copying and pasting Crocs' spreadsheet template" would be useful to a company "like Joybees."

27.     Joybees is without sufficient information or knowledge to respond to the allegations in Paragraph 27, and therefore denies the same.

28.     Joybees is without sufficient information or knowledge to respond to the allegations in Paragraph 28, and therefore denies the same.

29.     The allegations in Paragraph 29 are directed at McCarvel.  Joybees is without sufficient information or knowledge to respond to the allegations in Paragraph 29, and therefore denies the same.

30.     The allegations in Paragraph 30 are directed at McCarvel.  Joybees is without sufficient information or knowledge to respond to the allegations in Paragraph 30, and therefore denies the same.

31.     The allegations in Paragraph 31 are directed at McCarvel.  Joybees is without sufficient information or knowledge to respond to the allegations in Paragraph 31, and therefore denies the same.

32.     The allegations in Paragraph 32 are directed at McCarvel.  Joybees is without sufficient information or knowledge to respond to the allegations in Paragraph 32, and therefore denies the same.

33.     The allegations in Paragraph 33 are directed at McCarvel.  Joybees is without sufficient information or knowledge to respond to the allegations in Paragraph 33, and therefore denies the same.

34.     The allegations in Paragraph 34 are directed at McCarvel.  Joybees is without sufficient information or knowledge to respond to the allegations in Paragraph 34, and therefore denies the same.

35.     The allegations in Paragraph 35 are directed at McCarvel.  Joybees is without sufficient information or knowledge to respond to the allegations in Paragraph 35, and therefore denies the same.

36.     The allegations in Paragraph 36 are directed at McCarvel.  Joybees is without sufficient information or knowledge to respond to the allegations in Paragraph 36, and therefore denies the same.

37.     Some of the allegations in Paragraph 37 are directed at McCarvel, and as Joybees is without sufficient information or knowledge to respond to those allegations, it denies the same. To the extent that the allegations in Paragraph 37 are directed at Joybees, Joybees denies the same, including that McCarvel "form[ed]" Joybees.

38.     The allegations in Paragraph 38 are directed at McCarvel.  Joybees is without sufficient information or knowledge to respond to the allegations in Paragraph 38, and therefore denies the same.

39.     The allegations in Paragraph 39 are directed at McCarvel.  Joybees is without sufficient information or knowledge to respond to the allegations in Paragraph 39, and therefore denies the same.

40.     The allegations in Paragraph 40 are directed at McCarvel.  Joybees is without sufficient information or knowledge to respond to the allegations in Paragraph 40, and therefore denies the same.

41.     The allegations in Paragraph 41 are directed at McCarvel.  Joybees is without sufficient information or knowledge to respond to the allegations in Paragraph 41, and therefore denies the same.  To the extent that the allegations in Paragraph 41 are directed at Joybees, Joybees denies the same.

42.     Joybees is without sufficient information or knowledge to respond to the allegations in Paragraph 42, and therefore denies the same.

43.     The allegations in Paragraph 43 are directed at McCarvel.  Joybees is without sufficient information or knowledge to respond to the allegations in Paragraph 43, and therefore denies the same.

44.     The allegations in Paragraph 44 are directed at McCarvel.  Joybees is without sufficient information or knowledge to respond to the allegations in Paragraph 44, and therefore denies the same.

45.     The allegations in Paragraph 45 are directed at McCarvel.  Joybees is without sufficient information or knowledge to respond to the allegations in Paragraph 45, and therefore denies the same.

46.     The allegations in Paragraph 46 are directed at McCarvel.  Joybees is without sufficient information or knowledge to respond to the allegations in Paragraph 46, and therefore denies the same.

47.     The allegations in Paragraph 47 are directed at McCarvel.  Joybees is without sufficient information or knowledge to respond to the allegations in Paragraph 47, and therefore denies the same.

48.     The allegations in Paragraph 48 are directed at McCarvel.  Joybees is without sufficient information or knowledge to respond to the allegations in Paragraph 48, and therefore denies the same.

49.     The allegations in Paragraph 49 are directed at McCarvel.  Joybees is without sufficient information or knowledge to respond to the allegations in Paragraph 49, and therefore denies the same.

50.     The allegations in Paragraph 50 are directed at McCarvel.  Joybees is without sufficient information or knowledge to respond to the allegations in Paragraph 50, and therefore denies the same.

51.     The allegations in Paragraph 51 are directed at McCarvel.  Joybees is without sufficient information or knowledge to respond to the allegations in Paragraph 51, and therefore denies the same.

52.     The allegations in Paragraph 52 are directed at McCarvel.  Joybees is without sufficient information or knowledge to respond to the allegations in Paragraph 52, and therefore denies the same.

53.     Joybees is without sufficient information or knowledge to respond to the allegations in Paragraph 53, and therefore denies the same.

54.     Joybees is without sufficient information or knowledge to respond to the allegations in Paragraph 54, and therefore denies the same.

55.     The allegations in Paragraph 55 are directed at McCarvel.  Joybees is without sufficient information or knowledge to respond to the allegations in Paragraph 55, and therefore denies the same.

56.     The allegations in Paragraph 56 are directed at McCarvel.  Joybees is without sufficient information or knowledge to respond to the allegations in Paragraph 56, and therefore denies the same.

57.     The allegations in Paragraph 57 are directed at McCarvel.  Joybees is without sufficient information or knowledge to respond to the allegations in Paragraph 57, and therefore denies the same.

58.     The allegations in Paragraph 58 are directed at McCarvel.  Joybees is without sufficient information or knowledge to respond to the allegations in Paragraph 58, and therefore denies the same.

59.     Joybees denies the allegations in Paragraph 59.

60.     Joybees admits that it issued a press release announcing the launch of its shoe line in January 2020 and that the press release described John McCarvel and McCarvel's previous

experience in the footwear industry.  Except as expressly admitted herein, Joybees denies the allegations in Paragraph 60.

61.     Joybees denies the allegations in Paragraph 61.

62.     Joybees denies the allegations in Paragraph 62.

63.     Joybees denies the allegations in Paragraph 63.

64.     Paragraph 64 contains no allegations to which a response is required.  To the extent a response is deemed necessary, Joybees denies the allegations in Paragraph 64.

65.     Joybees is without sufficient information or knowledge to respond to the allegations in Paragraph 65, and therefore denies the same.

66.     Joybees is without sufficient information or knowledge to respond to the allegations in Paragraph 66, and therefore denies the same.

67.     Joybees is without sufficient information or knowledge to respond to the allegations in Paragraph 67, and therefore denies the same.

68.     Joybees is without sufficient information or knowledge to respond to the allegations in Paragraph 68, and therefore denies the same.

69.     Joybees is without sufficient information or knowledge to respond to the allegations in Paragraph 69, and therefore denies the same.

70.     Joybees is without sufficient information or knowledge to respond to the allegations in Paragraph 70, and therefore denies the same.

71.     Joybees is without sufficient information or knowledge to respond to the allegations in Paragraph 71, and therefore denies the same.

72.     Joybees is without sufficient information or knowledge to respond to the allegations in Paragraph 72, and therefore denies the same.

73.     Joybees is without sufficient information or knowledge to respond to the allegations in Paragraph 73, and therefore denies the same.

74.     Joybees is without sufficient information or knowledge to respond to the allegations in Paragraph 74, and therefore denies the same.

75.     Joybees is without sufficient information or knowledge to respond to the allegations in Paragraph 75, and therefore denies the same.

76.     Joybees is without sufficient information or knowledge to respond to the allegations in Paragraph 76, and therefore denies the same.

77.     Joybees is without sufficient information or knowledge to respond to the allegations in Paragraph 77, and therefore denies the same.

78.     Joybees is without sufficient information or knowledge to respond to the allegations in Paragraph 78, and therefore denies the same.

79.     Joybees is without sufficient information or knowledge to respond to the allegations in Paragraph 79, and therefore denies the same.

80.     Joybees is without sufficient information or knowledge to respond to the allegations in Paragraph 80, and therefore denies the same.

81.     Joybees is without sufficient information or knowledge to respond to the allegations in Paragraph 81, and therefore denies the same.

82.     Joybees is without sufficient information or knowledge to respond to the allegations in Paragraph 82, and therefore denies the same.

83.     Joybees is without sufficient information or knowledge to respond to the allegations in Paragraph 83, and therefore denies the same.

84.     Joybees is without sufficient information or knowledge to respond to the allegations in Paragraph 84, and therefore denies the same.

85.     Joybees is without sufficient information or knowledge to respond to the allegations in Paragraph 85, and therefore denies the same.

86.     Joybees is without sufficient information or knowledge to respond to the allegations in Paragraph 86, and therefore denies the same.

87.     Joybees is without sufficient information or knowledge to respond to the allegations in Paragraph 87, and therefore denies the same.

88.     Joybees is without sufficient information or knowledge to respond to the allegations in Paragraph 88, and therefore denies the same.

89.     Joybees is without sufficient information or knowledge to respond to the allegations in Paragraph 89, and therefore denies the same.

90.     Joybees is without sufficient information or knowledge to respond to the allegations in Paragraph 90, and therefore denies the same.

91.     Joybees is without sufficient information or knowledge to respond to the allegations in Paragraph 91, and therefore denies the same.

92.     Paragraph 92 contains conclusory statements and/or legal conclusions to which no response is required.  To the extent a response is deemed necessary, Joybees denies the allegations in Paragraph 92.

93.     Joybees denies the allegations in Paragraph 93.

94.     Joybees denies the allegations in Paragraph 94.

95.     Joybees denies the allegations in Paragraph 95.

96.     The allegations in Paragraph 96 are directed at McCarvel. Joybees is without sufficient information or knowledge to respond to the allegations directed at McCarvel, and therefore denies the same. Joybees further denies that the statements allegedly made by McCarvel support the allegations in Paragraph 95.

97.     The allegations in Paragraph 97 are directed at McCarvel. Joybees is without sufficient information or knowledge to respond to the allegations directed at McCarvel, and therefore denies the same. Joybees further denies that the statements allegedly made by McCarvel support the allegations in Paragraph 95.

98.     The allegations in Paragraph 98 are directed at McCarvel. Joybees is without sufficient information or knowledge to respond to the allegations directed at McCarvel, and therefore denies the same. Joybees further denies that the statements allegedly made by McCarvel support the allegations in Paragraph 95.

99.     The allegations in Paragraph 99 are directed at McCarvel. Joybees is without sufficient information or knowledge to respond to the allegations directed at McCarvel, and therefore denies the same. Joybees further denies that the statements allegedly made by McCarvel support the allegations in Paragraph 95.

100.    Joybees denies the allegations in Paragraph 100.

101.    The allegations in Paragraph 101 are directed at McCarvel. Joybees is without sufficient information or knowledge to respond to the allegations directed at McCarvel, and

therefore denies the same.  To the extent the allegations in Paragraph 101 are directed at Joybees, Joybees denies the allegations in Paragraph 101.

102.    Joybees denies the allegations in Paragraph 102.

103.    Joybees is without sufficient information or knowledge to respond to the allegations in Paragraph 103 about what a third-party retailer said in advertising Joybees products.  Therefore, Joybees denies the allegations in Paragraph 103.

104.    Joybees denies the allegations in Paragraph 104.

105.    Joybees denies the allegations in Paragraph 105.

106.    Joybees denies the allegations in Paragraph 106.

107.    Joybees denies the allegations in Paragraph 107.

108.    Joybees denies the allegations in Paragraph 108.

109.    Joybees denies the allegations in Paragraph 109.

110.    The document attached to the Amended Complaint as Exhibit 5 speaks for itself. Except as expressly admitted herein, Joybees denies the allegations in Paragraph 110.

111.    The document attached to the Amended Complaint as Exhibit 5 speaks for itself. Except as expressly admitted herein, Joybees denies the allegations in Paragraph 111.

112.    Joybees denies the allegations in Paragraph 112.

113.    Joybees denies the allegations in Paragraph 113.

114.    The document attached to the Amended Complaint as Exhibit 5 speaks for itself. Except as expressly admitted herein, Joybees denies the allegations in Paragraph 114.

115.    Joybees denies the allegations in Paragraph 115.

116.    Joybees denies the allegations in Paragraph 116.

117.    Joybees denies the allegations in Paragraph 117.

118.    The document attached to the Amended Complaint as Exhibit 6 speaks for itself. Except as expressly admitted herein, Joybees denies the allegations in Paragraph 118.

119.    Joybees denies the allegations in Paragraph 119.

120.    Joybees admits that its product names include "Kids' Splash Sneaker," "Modern Clog," "Kids' Active Clog," "Varsity Clog," "Varsity Lined Clog," and "Work Clog." Except as expressly admitted herein, Joybees denies the allegations in Paragraph 120.

121.    Joybees is without sufficient information or knowledge to respond to allegations about Crocs's "extensive monitoring" or to the allegations directed at McCarvel, and therefore denies the same. Joybees denies the remaining allegations in Paragraph 121, including that McCarvel "form[ed] Joybees."

122.    The allegations in Paragraph 122 are directed at McCarvel. Joybees is without sufficient information or knowledge to respond to the allegations in Paragraph 122, and therefore denies the same.

123.    Joybees is without sufficient information or knowledge to respond to the allegations in Paragraph 123, and therefore denies the same.

124.    Joybees denies the allegations in Paragraph 124.

125.    Joybees denies the allegations in Paragraph 125.

126.    Joybees denies the allegations in Paragraph 126.

127.    Joybees denies the allegations in Paragraph 107.

128.    Joybees admits that McCarvel is a former Crocs employee. Except as expressly admitted herein, Joybees denies the allegations in Paragraph 128.

129.     Joybees admits that it sells its products through third-party retailers and at joybeesfootwear.com.  Except as expressly admitted herein, Joybees denies the allegations in Paragraph 129, including that its products are "knockoffs."

130.     Joybees denies the allegations in Paragraph 130, including that its products are "knockoffs."

131.     Joybees admits that it promotes its products as casual or lifestyle shoes for men, women, and children.  Except as expressly admitted herein, Joybees denies the allegations in Paragraph 131, including that its products are "knockoffs."

132.     Joybees denies the allegations in Paragraph 132.

133.     Joybees denies the allegations in Paragraph 133.

134.     Joybees denies the allegations in Paragraph 134.

135.     The allegations in Paragraph 135 set forth conclusions rather than facts and therefore no response is necessary.  To the extent that the allegations in Paragraph 135 set forth facts, or to the extent that a response is otherwise necessary, Joybees denies the allegations in Paragraph 135.

136.     The allegations in Paragraph 136 set forth factual and legal conclusions rather than facts and therefore no response is necessary.  To the extent that the allegations in Paragraph 136 set forth facts, or to the extent that a response is otherwise necessary, Joybees denies the allegations in Paragraph 136.

137.     The allegations in Paragraph 137 set forth conclusions rather than facts and therefore no response is necessary.  To the extent that the allegations in Paragraph 137 set forth

facts, or to the extent that a response is otherwise necessary, Joybees denies the allegations in Paragraph 137.

138.     A portion of the allegations in Paragraph 138 are directed toward Crocs and Joybees is without sufficient information or knowledge as to such allegations and therefore denies the same. Joybees denies the remaining allegations in Paragraph 138.

139.     The allegations in Paragraph 139 are directed to U.S. Patent No. D610,784 S, which speaks for itself.   Except as expressly admitted herein, Joybees denies the allegations in Paragraph 139.

140.     The allegations in Paragraph 140 are directed to Crocs.   Joybees is without sufficient information or knowledge to respond to the allegations in Paragraph 140, and therefore denies the same.

141.     The allegations in Paragraph 141 are directed to U.S. Patent No. D610,784 S, which speaks for itself.   Except as expressly admitted herein, Joybees denies the allegations in Paragraph 141.

142.     Joybees admits that it manufactures and sells products under the Joybees brand. Except as expressly admitted herein, Joybees denies the allegations in Paragraph 142.

143.     The allegations in Paragraph 143 set forth arguments and conclusions rather than facts and therefore no response is necessary.  To the extent that the allegations in Paragraph 143 set forth facts, or to the extent that a response is otherwise necessary, Joybees denies the allegations in Paragraph 143.

144.     The allegations in Paragraph 144 set forth arguments and conclusions rather than facts and therefore no response is necessary.  To the extent that the allegations in Paragraph 144

set forth facts, or to the extent that a response is otherwise necessary, Joybees denies the allegations in Paragraph 144.

145.    The allegations in Paragraph 145 set forth arguments and conclusions rather than facts and therefore no response is necessary.  To the extent that the allegations in Paragraph 145 set forth facts, or to the extent that a response is otherwise necessary, Joybees denies the allegations in Paragraph 145.

146.    Joybees denies the allegations in Paragraph 146.

## COUNT I:  FEDERAL THEFT OF TRADE SECRETS UNDER THE DEFEND TRADE SECRETS ACT (18 U.S.C. § 1836, *et seq.*) (AGAINST ALL DEFENDANTS)

147.    Joybees hereby incorporates and adopts paragraphs 1 through 146 of this Answer as if fully set forth herein.

148.    Joybees is without sufficient information or knowledge to respond to the allegations in Paragraph 148, and therefore denies the same.

149.    Joybees is without sufficient information or knowledge to respond to the allegations in Paragraph 149, and therefore denies the same.

150.    Joybees is without sufficient information or knowledge to respond to the allegations in Paragraph 150, and therefore denies the same.

151.    Joybees is without sufficient information or knowledge to respond to the allegations in Paragraph 151, and therefore denies the same.

152.    Joybees is without sufficient information or knowledge to respond to the allegations in Paragraph 152, and therefore denies the same.

153.    Joybees denies the allegations in Paragraph 153.

154.    Joybees denies the allegations in Paragraph 154.

155.    Joybees denies the allegations in Paragraph 155.

156.    Joybees denies the allegations in Paragraph 156.

157.    Joybees denies the allegations in Paragraph 157.

158.    Joybees denies the allegations in Paragraph 158.

159.    Joybees denies the allegations in Paragraph 159.

160.    Joybees denies the allegations in Paragraph 160.

## COUNT II:  VIOLATION OF THE COLORADO TRADE SECRETS ACT
### (C.R.S. § 7-74-101, *et seq.*)
### (AGAINST ALL DEFENDANTS)

161.    Joybees hereby incorporates and adopts paragraphs 1 through 160 of this Answer as if fully set forth herein.

162.    Joybees is without sufficient information or knowledge to respond to the allegations in Paragraph 162, and therefore denies the same.

163.    Joybees is without sufficient information or knowledge to respond to the allegations in Paragraph 163, and therefore denies the same.

164.    Joybees denies the allegations in Paragraph 164.

165.    Joybees is without sufficient information or knowledge to respond to the allegations in Paragraph 165, and therefore denies the same.

166.    Joybees denies the allegations in Paragraph 166.

167.    Joybees denies the allegations in Paragraph 167.

168.    Joybees denies the allegations in Paragraph 168.

169.    Joybees denies the allegations in Paragraph 169.

170.    Joybees denies the allegations in Paragraph 170.

171.    Joybees denies the allegations in Paragraph 171.

172.    Joybees denies the allegations in Paragraph 172.

173.    Joybees denies the allegations in Paragraph 173.

### COUNT III:  COLORADO COMMON LAW UNFAIR COMPETITION
### (AGAINST ALL DEFENDANTS)

174.    Joybees hereby incorporates and adopts paragraphs 1 through 173 of this Answer as if fully set forth herein.

175.    Joybees denies the allegations in Paragraph 175.

176.    Joybees denies the allegations in Paragraph 176.

177.    Joybees denies the allegations in Paragraph 177.

178.    Joybees denies the allegations in Paragraph 178.

179.    Joybees denies the allegations in Paragraph 179.

### COUNT IV:  CONVERSION AND CIVIL THEFT (C.R.S. § 18-4-405)
### (AGAINST ALL DEFENDANTS)

180.    Joybees hereby incorporates and adopts paragraphs 1 through 179 of this Answer as if fully set forth herein.

181.    Paragraph 181 contains conclusory statements and/or legal conclusions to which no response is required.  To the extent, a response is deemed necessary, Joybees denies the allegations in Paragraph 181.

182.    The allegations in Paragraph 182 are directed at McCarvel.  To the extent they are directed at Joybees, Joybees denies the allegations in Paragraph 182.

183.     Joybees is without sufficient information or knowledge to respond to the allegations in Paragraph 183, and therefore denies the same.

184.     Joybees denies the allegations in Paragraph 184.

185.     Joybees denies the allegations in Paragraph 185.

186.     Joybees denies the allegations in Paragraph 186.

187.     Joybees denies the allegations in Paragraph 187.

188.     Joybees denies the allegations in Paragraph 188.

## COUNT V:  UNJUST ENRICHMENT
## (AGAINST ALL DEFENDANTS)

189.     Joybees hereby incorporates and adopts paragraphs 1 through 188 of this Answer as if fully set forth herein.

190.     Joybees denies the allegations in Paragraph 190.

191.     Joybees denies the allegations in Paragraph 191.

192.     Joybees denies the allegations in Paragraph 192.

193.     Joybees denies the allegations in Paragraph 193.

## COUNT VI:  BREACH OF DUTY OF LOYALTY
## (AGAINST MCCARVEL)

194.     Joybees hereby incorporates and adopts paragraphs 1 through 193 of this Answer as if fully set forth herein.

195.     The allegations in Paragraph 195 are directed at McCarvel.  Joybees is without sufficient information or knowledge to respond to the allegations in Paragraph 195, and therefore denies the same.

196.    The allegations in Paragraph 196 are directed at McCarvel.  Joybees is without sufficient information or knowledge to respond to the allegations in Paragraph 196, and therefore denies the same.

197.    The allegations in Paragraph 197 are directed at McCarvel.  Joybees is without sufficient information or knowledge to respond to the allegations in Paragraph 197, and therefore denies the same.

198.    The allegations in Paragraph 198 are directed at McCarvel.  Joybees is without sufficient information or knowledge to respond to the allegations in Paragraph 198, and therefore denies the same.

199.    The allegations in Paragraph 199 are directed at McCarvel.  Joybees is without sufficient information or knowledge to respond to the allegations in Paragraph 199, and therefore denies the same.

200.    The allegations in Paragraph 200 are directed at McCarvel.  Joybees is without sufficient information or knowledge to respond to the allegations in Paragraph 200, and therefore denies the same.

201.    The allegations in Paragraph 201 are directed at McCarvel.  Joybees is without sufficient information or knowledge to respond to the allegations in Paragraph 201, and therefore denies the same.

202.    The allegations in Paragraph 202 are directed at McCarvel.  Joybees is without sufficient information or knowledge to respond to the allegations in Paragraph 202, and therefore denies the same.

## COUNT VII:  TRADEMARK INFRINGEMENT UNDER SECTION 32(1) OF THE LANHAM ACT (15 U.S.C. § 1114(1)) (AGAINST JOYBEES)

203.    Joybees hereby incorporates and adopts paragraphs 1 through 202 of this Answer as if fully set forth herein.

204.    Joybees is without sufficient information or knowledge to respond to the allegations in Paragraph 204, and therefore denies the same.

205.    Joybees is without sufficient information or knowledge to respond to the allegations in Paragraph 205, and therefore denies the same.

206.    Joybees denies the allegations in Paragraph 206.

207.    Joybees denies the allegations in Paragraph 207.

208.    Joybees denies the allegations in Paragraph 208.

209.    Joybees denies the allegations in Paragraph 209.

210.    Joybees denies the allegations in Paragraph 210.

## COUNT VIII:  FALSE DESIGNATION OF ORIGIN/UNFAIR COMPETITION UNDER SECTION 43(a) OF THE LANHAM ACT (15 U.S.C. § 1125(a)) (AGAINST JOYBEES)

211.    Joybees hereby incorporates and adopts paragraphs 1 through 210 of this Answer as if fully set forth herein.

212.    Joybees denies the allegations in Paragraph 212.

213.    Joybees is without sufficient information or knowledge to respond to the allegations in Paragraph 213 regarding when Crocs began using Registered Trademark No. 3,836,415 in interstate commerce.  Joybees denies the remaining allegations in Paragraph 213.

214.    Joybees denies the allegations in Paragraph 214.

215.     Joybees denies the allegations in Paragraph 215.

216.     Joybees denies the allegations in Paragraph 216.

217.     Joybees denies the allegations in Paragraph 217.

218.     Joybees denies the allegations in Paragraph 218.

**COUNT IX:   DILUTION OF REGISTERED TRADEMARK NO. 3,836,415 UNDER SECTION 43(c) OF THE LANHAM ACT (15 U.S.C. § 1125(c)) (AGAINST JOYBEES)**

219.     Joybees hereby incorporates and adopts paragraphs 1 through 218 of this Answer as if fully set forth herein.

220.     The first sentence in Paragraph 220 contains conclusory statements and/or legal conclusions to which no response is required.  To the extent a response is deemed necessary, Joybees denies the allegations in the first sentence of Paragraph 220.  Joybees denies the remaining allegations in Paragraph 220.

221.     Joybees is without sufficient information or knowledge to respond to the allegations in Paragraph 221 regarding when Crocs began using Registered Trademark No. 3,836,415 in interstate commerce.  Joybees denies the remaining allegations in Paragraph 221.

222.     Joybees is without sufficient information or knowledge to respond to the allegations in Paragraph 222, and therefore denies the same.

223.     Joybees denies the allegations in Paragraph 223.

224.     Joybees denies the allegations in Paragraph 224.

225.     Joybees denies the allegations in Paragraph 225.

**COUNT X:   DILUTION OF REGISTERED TRADEMARK NOS. 5,149,328 AND 5,273,875 UNDER SECTION 43(c) OF THE LANHAM ACT (15 U.S.C. § 1125(c)) (AGAINST JOYBEES)**

226.     Joybees hereby incorporates and adopts paragraphs 1 through 225 of this Answer as if fully set forth herein.

227.     The allegations in Paragraph 227 contain conclusory statements and/or legal conclusions to which no response is required.  To the extent a response is deemed necessary, Joybees denies the allegations in Paragraph 227.

228.     Joybees is without sufficient information or knowledge to respond to the allegations in Paragraph 228 regarding when Crocs began using the 3D Marks in commerce.  Joybees denies the remaining allegations in Paragraph 228.

229.     Joybees is without sufficient information or knowledge to respond to the allegations in Paragraph 229, and therefore denies the same.

230.     Joybees denies the allegations in Paragraph 230.

231.     Joybees denies the allegations in Paragraph 231.

232.     Joybees denies the allegations in Paragraph 232.

**COUNT XI:  UNFAIR AND DECEPTIVE TRADE PRACTICES (C.R.S. § 6-1-101) (AGAINST JOYBEES)**

233.     Joybees hereby incorporates and adopts paragraphs 1 through 232 of this Answer as if fully set forth herein.

234.     Joybees denies the allegations in Paragraph 234.

235.     Joybees denies the allegations in Paragraph 235.

236.     Joybees denies the allegations in Paragraph 236.

237.     Joybees denies the allegations in Paragraph 237.

238.     Joybees denies the allegations in Paragraph 238.

239.     Joybees denies the allegations in Paragraph 239.

**COUNT XII:   INFRINGEMENT OF REGISTERED U.S. DESIGN PATENT NO. D610,784 (35 U.S.C. § 271) (AGAINST JOYBEES)**

240.     Joybees hereby incorporates and adopts paragraphs 1 through 239 of this Answer as if fully set forth herein.

241.     Joybees is without sufficient information or knowledge to respond to the allegations in Paragraph 241 and therefore denies the same.

242.     Joybees denies the allegations in Paragraph 242.

243.     Joybees admits that it sells its footwear products.  Except as expressly admitted herein, Joybees denies the allegations in Paragraph 243.

244.     Joybees denies the allegations in Paragraph 244.

245.     Joybees admits that it did not receive a license from Crocs.  Joybees denies that it required a license from Crocs to sell its footwear products.  Except as expressly admitted herein, Joybees denies the allegations in Paragraph 245.

246.     Joybees denies the allegations in Paragraph 246.

247.     Joybees denies the allegations in Paragraph 247.

248.     Joybees denies the allegations in Paragraph 248.

249.     Joybees denies the allegations in Paragraph 249.

250.     Joybees denies the allegations in Paragraph 250.

251.     Joybees denies the allegations in Paragraph 251.

252.     Joybees denies the allegations in Paragraph 252.

253.     Joybees denies the allegations in Paragraph 253.

254.     Joybees denies the allegations in Paragraph 254.

## PRAYER FOR RELIEF

Joybees denies that Plaintiff is entitled to any relief as requested.

## AFFIRMATIVE DEFENSES

Defendant Joybees denies any and all allegations in the Amended Complaint that are not expressly admitted herein.  Joybees answers further and would show the Court that Plaintiff's claims are barred by the following Affirmative Defenses.  Joybees reserves the right to supplement and/or amend this Answer to include additional defenses that are discovered during the course of this lawsuit.

## FIRST DEFENSE

1.     The Complaint, and each and every count, allegation, and prayer for relief set forth therein, fails to state a claim upon which relief can be granted against Joybees.

## SECOND DEFENSE

2.     Plaintiff's claims are barred and/or limited by one or more of the equitable doctrines of laches, waiver, equitable estoppel, and unclean hands.

## THIRD DEFENSE

3.     Plaintiff's claims are barred and/or limited by its failure to mitigate its damages.

## FOURTH DEFENSE

4.     Any damages suffered by Plaintiff are caused by its own acts or omissions, including, without limitation, its failure to mitigate damages.

## FIFTH DEFENSE

5.     Joybees has at all times acted in good faith.

**SIXTH DEFENSE**

6.      Plaintiff's claims are asserted in bad faith and represent a thinly veiled attempt at stomping out competitors with baseless claims.

**SEVENTH DEFENSE**

7.      One or more of Plaintiff's claims are barred because one or more of the intellectual property rights that it seeks to assert is not valid.

## COUNTERCLAIMS

Without admitting any of the allegations of the First Amended Complaint other than those expressly admitted herein, and without prejudice to the right of Defendant and Counterclaimant Joybees LLC ("Joybees") to plead additional counterclaims as the facts of the matter warrant, Joybees hereby asserts the following counterclaims against Plaintiff and Counterclaim-Defendant Crocs, Inc. ("Crocs"), and respectfully states as follows:

## PARTIES

1.      Joybees is a Delaware limited liability company with its principal place of business located in Denver, Colorado.

2.      Upon information and belief, Crocs is a Delaware corporation with its principal place of business located in Broomfield, Colorado.

## JURISDICTION AND VENUE

3.      This action arises under 35 U.S.C. § 271; 15 U.S.C. §§ 1114 and 1125; and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

4.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338.

5.      This Court has personal jurisdiction over Crocs because Crocs' principal place of business is located in this judicial district.  Further, Crocs transacts business and/or offers to transact business within this judicial district (directly or through intermediaries).  Moreover, the acts alleged have occurred, in whole or in part, within this judicial district.

6.      Venue is proper in the United States District Court for the District of Colorado pursuant to 28 U.S.C. § 1391(b)(1).

## FACTS RELEVANT TO ALL COUNTERCLAIMS

### Joybees

7.      Joybees is a company based in Colorado that sells women's, men's, and children's footwear, including flip-flops, sandals, and clogs.  Joybees was formed in July 2018 by a private equity firm representing a group of investors who were buying assets of a footwear company in a bankruptcy proceeding.  Kellen McCarvel was in no way associated with Joybees prior to or at the time Joybees was acquiring the assets out of bankruptcy.  Crocs attempted unsuccessfully to acquire the same assets during the bankruptcy proceeding.

8.      Competitors in the casual footwear space often focus on differentiating their products based on various characteristics ranging from price to material quality to function to ornamental features.

9.      The unique designs of Joybees' footwear products draw heavily on Joybees' federally-registered bee icon trademark and the use of honeycomb-themed hexagons to create an instant visual connection to Joybees' brand and to create an easily-identifiable differentiator from its competitors.

### Crocs's Exploitation of Its Alleged Intellectual Property Rights to Stifle Competition

10.      In contrast to Joybees' focus on using its branding and design to create a competitive advantage in the casual footwear market space, Crocs's strategy is based on stifling competition, including by asserting its intellectual property rights well beyond any reasonable interpretation and by using its economic power in order to intimidate manufacturers, distributors, and sellers of a variety of footwear offerings.

11.     As Crocs has proudly proclaimed in public filings before the United States International Trade Commission ("ITC"), Crocs has engaged in "aggressive ongoing enforcement measures" related to its alleged intellectual property rights.

12.     Indeed, in a letter to its retail partners regarding "Brand Protection—Intellectual Property Enforcement," Crocs stated that "[p]rotection of our brand equity, intellectual property, and the goodwill that our brand has established is of paramount importance."

13.     In the same letter, in an attempt to dissuade them from buying products from competitors like Joybees, Crocs makes a thinly-veiled threat *against its own retail distribution partners*, bolding asserting:

> As a retail partner of Crocs, it is our expectation that you will not invest in, advertise, nor make products available for sale that infringe our intellectual property and trade off the goodwill of the Crocs brand.  Our Terms and Conditions of Sale expressly prohibit the infringement of Crocs' intellectual property rights including but not limited to trademark, patent, and design rights.  Crocs holds extensive intellectual property in its designs, including the classic clog, and infringement of the same will not be tolerated.

14.     Crocs intentionally does not identify with any specificity what makes up the "extensive intellectual property" holdings that it uses to threaten distributors in order to discourage them from selling footwear products like those made and sold by Joybees.

15.     Public filings reveal that Crocs appears to hold at least seven federal registrations that are focused on the designs of Crocs's products (together the "Crocs Design IP"):

    a.  Patents:

        i.  United States Patent No. D610,784 S (the "'784 Patent");

        ii.  United States Patent No. D632,465 S (the "'465 Patent");

        iii.  United States Patent No. 7,146,751 B2 (the "'751 Patent");

        iv.   United States Patent No. 6,993,858 B2 (the "'858 Patent"); and

        v.   United States Patent No. 517,789 (expired).

   b.  Trademarks:

        i.   United States Trademark Registration No. 5,149,328 (the "'328 Mark"); and

        ii.   United States Trademark Registration No. 5,273,875 (the "'875 Mark").

16.     Upon information and belief, Crocs uses the Crocs Design IP to stifle competition in the casual footwear industry by threatening manufacturers and retailers of footwear products that compete against Crocs' products.

17.     Upon information and belief, Crocs uses each registration that makes up the Crocs Design IP interchangeably when asserting its "intellectual property" in communications with participants in the casual footwear industry.

18.     To date, Crocs's supposed "enforcement" actions related to the Crocs Design IP have *far* exceeded the fair protection of Crocs's brand equity or intellectual property.

19.     Over the past several years, Crocs has repeatedly alleged to Joybees and to distributors that sell Joybees products that Joybees products infringe the Crocs Design IP.

20.     Among other things, Crocs has informed Joybees that it has monitored, and is "continuing to monitor Joybees' business practices and product lines for other issues, including any potential intellectual property infringement."

21.     Despite repeated requests by Joybees for clarification regarding Crocs's basis for "monitoring" Joybees and its products, Crocs has refused to identify the specific intellectual property rights it alleges Joybees infringes or which Joybees' products it alleges are at issue.

22.     Crocs has also repeatedly threatened resellers and distributors of Joybees products, admonishing them not to sell products that "infringe [Crocs] intellectual property and trade off the goodwill of the Crocs brand."

23.     Crocs's threats have left Joybees and the resellers and distributors of Joybees products with the reasonable belief and apprehension that Joybees' products are among the products that Crocs alleges infringe the Crocs Design IP and that allegedly trade off the goodwill of the Crocs brand.

24.     As a result of Crocs's threatening communications, Joybees and its resellers and distributors reasonably apprehend that Crocs intends to assert claims of infringement of the Crocs Design IP against Joybees and its products in an effort to prevent Joybees from competing.

25.     In an effort to avoid Crocs's unsubstantiated threats, Joybees has undertaken extensive efforts to ensure that it is operating within the law and competing fairly.  Crocs does not have a reasonable basis to assert that any of Joybees' products infringe the look, appearance, or design of any Crocs product.

### Crocs's Failed Assertion Of IP Rights In The ITC Action

26.     Under the guise of "intellectual property enforcement," Crocs has engaged in a systematic, widespread campaign to eliminate competition in the casual footwear market through unfounded or overly broad legal actions rather than competitive means.

27.     One such example is *In the Matter of:  Certain Casual Footwear and Packaging Thereof*, Inv. No. 337-TA-1270 (the "ITC Action").

28.     In the ITC Action, Crocs asserted a subset of the Crocs Design IP, including the '328 Mark and the '875 Mark.

29.     Alleging infringement of its registered trademarks, including two that purport to cover aspects of the design of Crocs's products, Crocs sought a General Exclusion Order forbidding, among other things, entry in the United States of footwear products that violate Crocs's rights in one or more of its asserted trademarks.

30.     Crocs identified nearly two dozen Respondents in the ITC Action.

31.     Notably, Crocs did not name Joybees as a Respondent in the ITC Action.

32.     In yet another strategic effort to expand its intellectual property rights beyond any reasonable limit, Crocs repeatedly made clear in its Complaint Under Section 337 of the Tariff Act of 1930, As Amended (the "ITC Complaint") that the relief it was seeking was not limited to the identified Respondents but rather to unspecified makers of any footwear that infringes the designs of its products and its asserted trademarks.

33.     In view of Crocs's unsubstantiated threats against it and the wording of the relief that Crocs seeks in the ITC Action, Joybees contacted Crocs to determine whether Crocs intended its requested General Exclusion Order to cover any of Joybees' products notwithstanding the fact that Crocs had not named Joybees as a Respondent in the ITC Action.

34.     Crocs refused to confirm that it did not intend to sweep any of Joybees' products into the General Exclusion Order should one be issued.

35.     Unable to confirm Crocs's intentions, Joybees filed a Public Interest Statement in the ITC Action that set forth its concerns regarding Crocs's actions and its uncertainty regarding Crocs's intention with respect to including Joybees' products under the General Exclusion Order.

36.     Presented with a *second* opportunity to confirm that Joybees' products did not infringe any of the IP asserted by Crocs in the ITC Action and that none of Joybees' products

would be subject to the General Exclusion Order, Crocs *again refused* to state that Joybees' products neither infringe the IP asserted by Crocs in the ITC Action nor should be subject to the General Exclusion Order.

37.     Instead, Crocs responded to Joybees' Public Interest Statement by arguing that Joybees' statement should not be considered by the Commission.

38.     After responding to Joybees' Public Interest Statement—but refusing to clarify its intentions with respect to Joybees' products—Crocs requested and received leave to amend its Complaint in the ITC Action to add additional Respondents.

39.     On October 22, 2021, Crocs filed an Amended Complaint in the ITC Action, adding eight additional Respondents.   Crocs did not add Joybees as a Respondent in the Amended Complaint.

40.     As a result of Crocs's obfuscation, Joybees reasonably believed that Crocs intended to include one or more products sold by Joybees under any General Exclusion Order that issues in the ITC Action.

41.     On or about January 23, 2023, an Initial Determination was issued in the ITC Action.  Among other things, the Administrative Law Judge declined to award Crocs the relief that it was seeking.

42.     In his ruling, the Administrative Law Judge found that neither the '328 Mark nor the '875 Mark were sufficiently famous to support claims for dilution by blurring or tarnishment.

43.     The Administrative Law Judge in the ITC Action also found that the '328 Mark and the '875 Mark were invalid for lack of secondary meaning.

**Crocs's Assertion Of Its Alleged IP Rights In This Action**

44.     In its original Complaint, Crocs asserted, amongst others, claims against Joybees related to Registered Trademark No. 3,836,415 (the "Word Mark") and Joybees' "Kid's Splash Sneaker," "Modern Clog," "Kids' Active Clog," "Varsity Clog," and "Work Clog."  The Word Mark purports to cover the word "Crocs" and is not part of the Crocs Design IP because it does not relate in any way to any aspect of footwear design.  Consistent with its conduct in the ITC Action, Crocs did not assert claims against Joybees for infringement of the Crocs Design IP.

45.     On November 23, 2021, in an effort to protect itself from the cloud of infringement of the Crocs Design IP strategically created by Crocs, Joybees filed its Answer to Plaintiff's Complaint for Injunctive Relief and Damages, Affirmative Defenses, Counterclaims and Jury Demand (the "Answer & Counterclaims").  [ECF No. 9.]

46.     In the Answer & Counterclaims, Joybees asserted counterclaims for, among others, declaratory relief that it did not infringe the Crocs Design IP.

47.     After unsuccessfully attempting to dismiss Joybees' Counterclaims, Crocs both Answered the Counterclaims [ECF. No. 56] and subsequently sought and received leave to amend its Complaint to assert additional claims related to its intellectual property rights.

48.     In the First Amended Complaint [ECF No. 85], Crocs asserts claims for dilution of the '328 Mark and the '875 Mark—both part of the Crocs Design IP—by certain Joybees products, including the "Kid's Splash Sneaker," "Modern Clog," "Kids' Active Clog," "Varsity Clog," and "Work Clog."  Crocs does not assert claims for infringement of either the '328 Mark or the '875 Mark.

49.     In the First Amended Complaint, Crocs also asserts a claim for infringement of the '784 Patent—also part of the Crocs Design IP—by Joybees' "Varsity Clog" product.

50.     Notably, despite Joybees previously asserting counterclaims for declaratory relief of noninfringement of the '465 Patent, the '751 Patent, and the '858 Patent, Crocs does not assert any claims for relief related to the '456 Patent, the '751 Patent, or the '858 Patent.

51.     Crocs includes numerous allegations in its First Amended Complaint that relate to its "iconic footwear" and "unique designs."

52.     Moreover, Crocs includes pictures of several of its footwear designs despite those footwear designs not being at issue in this action.

53.     Crocs also alleges that consumers will be confused by the "similar appearance" of its shoes, on the one hand, and "Joybees' knockoffs" on the other hand.

54.     Crocs repeatedly alleges in the Complaint that numerous Joybees products, including its "Kid's Splash Sneaker," "Modern Clog," "Kids' Active Clog," "Varsity Clog," and "Work Clog" products infringe the Word Mark despite the fact *that the word "Crocs" does not appear on any of the identified shoes, the packaging of those shoes, or in any marketing materials for them.*

### Crocs's Exploitation Of It Economic Power To Stifle Competition

55.     Crocs recently produced in this action documents that support a finding that Crocs is systematically using its economic power with the specific intent to unlawfully monopolize the United States market for injection-molded clogs including by intimidating Joybees' retailers and retailer prospects (the "Joybees Retailers") into terminating their business relationships with

Joybees or otherwise refusing to deal with Joybees Retailers in an effort to exclude Joybees from the market.

**Relevant Antitrust Markets**

56.     The relevant market (or submarket) for antitrust purposes in this case is the United States market for injection-molded clogs.  There is no reasonable or functional interchangeability between the market for injection-molded clogs and the broader market for clogs made of any material or manufacturing process or the much broader market for casual footwear.  Further, the anticompetitive conduct and effects are occurring in the U.S. market, and the importation of foreign injection-molded clogs from the broader global geographic market would not be economical or timely enough to provide an alternative source of competition and prevent short term monopoly profits.

57.     Clogs are shoes with an open back; a closed, upturned toe; and a relatively flat heel with a silhouette that was made famous by the Dutch, who often made them out of wood. Injection-molded clogs are clogs that are created by injecting rubber, plastic, or a composite compound into a mold – allowing the quick and inexpensive mass-production of a lightweight product that can be shipped quickly and inexpensively.

58.     █████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████



59.

60.

███████████████████████████████████████████████████████████ Crocs also lists its clogs in its own product category on its website listing all of its products for sale – separate from sandals, slides, and flip flops.

61.     Crocs identifies in its advertising materials a number of distinctive traits that make its injection-molded clogs unique: (i) waterproof; (ii) light-weight; (iii) comfortable; (iv) ventilated; (v) breathable; (vi) versatile; (vii) customizable; (viii) washable; (ix) odor-resistant; and (x) durable.  While other types of shoes may share one or more of the functional characteristics of the injection-molded clog, no shoe shares enough of these functional characteristics for consumers to see it as a substitute and switch to that other shoe type on the basis of price or availability restraints.  Those other shoe types are, thus, outside of the relevant product market for antitrust purposes.

62.     ████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

Thus, upon information and belief, consumers do not see clogs made of any material and manufacturing process as reasonable substitutes for Crocs, which further demonstrates that the U.S. market for clogs of any material is broader than is relevant for the antitrust purposes of this case.

63.     Additionally, the much broader market for casual footwear, which could include shoes such as sandals, flip flops, sneakers, and the traditional deck shoe, is also broader than is relevant for antitrust purposes.  Sandals and flip flops lack a back strap to secure the shoe, mostly

full coverage of the foot to protect the foot from spills and falling objects, durability, versatility, and customizability.  Sneakers lack waterproofing, ventilation, breathability, odor-resistant qualities, and ease of cleaning and quick drying.  Traditional deck shoes lack the ventilation that allows water-drainage, the odor-resistant and quick-drying abilities, the breathability, and the durability.  Upon information and belief, there is no other type of casual footwear that consumers would view as a reasonable substitute to the injection-molded clog sold by Crocs.

64.     The relevant geographic market is the United States, because that is the area of effective competition.  Upon information and belief, the footwear industry views the United States as its own separate market, because of the channels of retail distribution and the buying procedures of U.S. retailers, which includes the producer of footwear selling products to brick and mortar retailers for resale to consumers within the U.S.  Upon information and belief, economic studies have shown that internet sales to U.S. consumers from outside the U.S. do not significantly affect consumers' buying habits or significantly alter the competition among traditional brick and mortar retailers.

**Crocs Holds Monopoly Power in the Relevant Market**

65.     Upon information and belief, Crocs has monopoly power in the relevant markets for injection-molded clogs and clogs.

66.



67.

**Crocs's Unlawful Exclusionary Conduct**

68.

[REDACTED]

69.     Upon information and belief, to achieve the objectives described in the paragraph above and to unlawfully monopolize or attempt to monopolize the relevant markets, Crocs has engaged in exclusionary conduct including engaging in conversations with Joybees Retailers about whether the retailer is interested in selling, re-selling, or otherwise distributing Crocs footwear products and, if so, informing the retailer that, as a condition to doing so the retailer must agree to cease selling Joybees products.

70.     [REDACTED]

71.     [REDACTED]

███████████████████████████████████████████████████████████████

█████████████ Joybees has sought the production of additional documents reflecting the internal communications amongst Crocs's employees, including the context of the communication described in this paragraph in an effort to determine who was supposed to "██████████████████ ██████████" what agreement they were seeking "████████" that would be hindered by this "████ ██████████" and how Crocs employees ████████████████ responded. Crocs has not produced documents in response to this request.

72.     Upon information and belief, since at least 2022, Crocs has convinced one or more of Joybees Retailers to discontinue selling Joybees' footwear products in exchange for the opportunity to sell Crocs footwear products, which has caused Joybees harm. In 2022 alone, at least eighteen of the Joybees Retailers terminated their business relationship with Joybees and thereafter began selling Crocs products, suggesting that Crocs's product is so essential that certain retailers will forego business with Crocs's competitors to keep Crocs's business. These retailers include, but are not limited to, Bealls Stores, Flip Flop Shops, Hamrick's Inc., Houser Shoes, Kitty Hawk Kites, Marshalls, Peltz Shoes, Shoe Station Inc., Sound Feet Shoes, The Hayloft, and The Trend Shop.

73.     Additionally, beyond just abusing its dominant power in the clogs market to maintain or obtain its monopoly in that market, upon information and belief, since at least 2022, Crocs has systematically targeted Joybees Retailers that also carry the brand Hey Dude (a shoe company Crocs acquired that sells shoes in a _different_ product market than the market for injection-molded clogs) ("Hey Dude/Joybees Retailers") to demand that they cease selling Joybees' footwear products and replace them with Crocs's footwear products as a condition to

being allowed to continue to sell Hey Dude footwear, a demand with which at least one Hey Dude/Joybees Retailer has complied.

74.    Shortly after the message was sent, Retailer S stopped carrying Joybees and started carrying Crocs in their place. When Joybees followed up, they were told that "upper management" decreed that Retailer S "drop Joybees" and replace Joybees' products with Crocs.

75.   Upon information and belief, Crocs has required other retailers to cease selling footwear products from other suppliers that compete with Crocs's footwear products as a condition of being allowed to sell, re-sell, or otherwise distribute Crocs's footwear products.

## Anticompetitive Effects

76.   Upon information and belief, Crocs's anticompetitive efforts have caused significant anticompetitive effects in the U.S. market for injection-molded clogs, including but not limited to preventing successful entry to the market by new entrants, limiting the ability of new entrants to capture a meaningful share of the market, and driving up consumer prices within the market. Crocs's exclusionary conduct has deprived consumers in the United States of the benefits of competition, including increased choice, quality, and innovation.

77.   As a direct result of Crocs's exclusionary and anticompetitive conduct, a number of Crocs's competitors in the U.S. market for injection-molded clogs have been significantly

weakened, entirely snuffed out, or had their entry to the market stifled, including USA Dawgs, Inc., whose assets Joybees purchased out of bankruptcy.

78.     This lack of competition resulting from Crocs's anticompetitive and exclusionary conduct has resulted in higher prices for consumers.  As the monopolist in the U.S. market for injection-molded clogs, Crocs charges $50 full-price for its standard injection-molded clog, while Joybees charges $35 full-price for its standard injection-molded clog – a 30% reduction in the price charged by Crocs.  Countless customers have stated in their reviews that Joybees' injection-molded clogs are just as good as Crocs's injection-molded clogs, just as comfortable, and serve the same function.  Upon information and belief, Crocs is able to profitably raise its prices for non-cost related reasons despite new suppliers entering the market and/or without new suppliers entering the market or achieving a meaningful market share.  There is no pro-competitive justification for the monopoly prices Crocs is charging for its shoes.

79.     Upon information and belief, Crocs has no pro-competitive justification for its exclusionary conduct in maintaining its monopoly in or attempting to monopolize the Relevant Markets.

80.     Upon information and belief, Crocs's anticompetitive and exclusionary conduct has foreclosed a significant portion of the U.S. market for injection-molded clogs for Joybees and the other competitors in this market and resulted in high barriers to entry for the U.S. market for injection-molded clogs, which has led to an inability of any competitor to capture any more than 2% of even the broader market for clogs in the U.S.  But for Crocs's anticompetitive conduct, Joybees could have competed more effectively on price.

81.     Upon information and belief, Crocs's exploitation of its control over Hey Dude shoes to entrench its market power in the relevant market by forcing retailers into buying Crocs when they may have preferred to purchase injection-molded clogs from another source, like Joybees, constitutes an illegal tying arrangement that has injured competition in the U.S. market for injection-molded clogs by weakening and excluding rivals in that market and thereby entrenching Crocs's market power.

**<u>Crocs's Conduct Exceeds the Limits of any Potential Immunity</u>**

82.     Crocs's exclusionary and anticompetitive conduct goes beyond the scope of any potential immunity that Crocs may claim applies to its conduct.

83.     For example, in response to a cease-and-desist letter Joybees sent in relation to the anticompetitive conduct described herein, Crocs asserted that its conduct was protected under the Noerr-Pennington Doctrine.  But that doctrine "applies only to conduct 'aimed at influencing decisionmaking by the government[,]'" and "those activities reasonably and normally attendant to effective petitioning*."  BKP, Inc. v. Kilmer, Lane & Newman, LLP*, 2021 COA 144, ¶ 50 (quoting *Octane Fitness, LLC v. ICON Health &Fitness, Inc.*, 572 U.S. 545, 555-56 (2014)); *Select Comfort Corp. v. Sleep Better Store, LLC*, 838 F. Supp. 2d 889, 896 (D. Minn. 2012).  Because the conduct described herein cannot reasonably be said to have been aimed at influencing decision-making by the government nor reasonably and normally attendant to effective petitioning, Crocs's conduct exceeds the limits of any potential immunity granted by the Noerr-Pennington Doctrine.

84.     Crocs also asserts that its activities are protected because "informing parties who are selling infringing goods of one's intellectual property rights and intent to enforce them is conduct immune from antitrust liability."  To date, Crocs has not produced any correspondence

that reflects the communications that Crocs claims are protected.  To the contrary, Crocs has consistently insisted that it has not asserted its intellectual property rights in communications with Joybees Retailers and that it has not accused Joybees of infringing its intellectual property rights in communications with any retailers.  To the extent that, notwithstanding Crocs's actions and representations, such communications do in fact exist, such communications are not immune from antitrust liability.

85.     The Noerr-Pennington Doctrine protects intellectual property rightsholders' ability to send pre-suit demand letters to companies whose sale of infringing goods itself constitutes infringement.  Crocs did no such thing in the communications described herein.  Crocs did not warn the Joybees Retailers that their sale of Joybees products would subject them to allegations of infringement.  Its communications were not based on Crocs's intellectual property.  The allegations and communications described herein, which include Crocs telling Joybees Retailers that Crocs would not do business with them if they continued to do business with Joybees, were instead based on Crocs's market power, which is not protected by the Noerr-Pennington Doctrine.

86.     Crocs cannot even reasonably be said to have been informing the Joybees Retailers of its intent to assert its intellectual property rights against Joybees.  At the time of the communications, Crocs had not asserted claims against Joybees for infringement of any of its design intellectual property.  Moreover, when Joybees filed counterclaims for declaratory judgment of noninfringement of Crocs's design intellectual property in November of 2021, Crocs sought dismissal of the claims on the grounds that it had not alleged that Joybees infringed its design intellectual property, and Joybees "cannot show any assertion of infringement by Crocs." That Motion to Dismiss, which Crocs filed in December of 2021, was still pending at the time

these communications occurred in the spring and summer of 2022 and was not decided until September 30, 2022.

87.     Since the record clearly shows that, as of the date the anticompetitive communications referenced herein were sent, Crocs had no intention to petition the government for relief related to Joybees' supposed infringement of its design intellectual property, let alone to use the communications for effective petitioning thereof, Crocs now is estopped from arguing that its anticompetitive communications fall within the Noerr-Pennington Doctrine and are immune from antitrust liability.  Even if it were to attempt to assert such a defense, Crocs's exclusionary conduct and abuse of market power used with the specific intent to maintain or obtain an unlawful monopoly fall outside of the scope of the Noerr Pennington Doctrine.

## COUNTERCLAIM ONE
### (Declaratory Judgment of Noninfringement of United States Trademark Registration No. 5,149,328)

88.     Joybees hereby incorporates by reference each and every allegation set forth in paragraphs 1 through 87 of this Counterclaim.

89.     Neither Joybees nor any product manufactured or offered for sale by Joybees infringes each of the elements of United States Trademark Registration No. 5,149,328.

90.     In the Answer & Counterclaims, Joybees asserted a counterclaim for noninfringement of United States Trademark Registration No. 5,149,328.   [ECF No. 9 at pp. 33-34.]

91.     Crocs filed an Answer in response to the Answer & Counterclaims on November 4, 2022 (the "Counterclaims Answer").  [ECF No. 56.]

92.     Crocs did not assert a claim for infringement of United States Trademark Registration No. 5,149,328 in the Counterclaims Answer.

93.     Crocs did not assert a claim for infringement of United States Trademark Registration No. 5,149,328 in the First Amended Complaint.

94.     An assertion of infringement of United States Trademark Registration No. 5,149,328 was compulsory as a matter of law in response to Joybees seeking a declaratory judgment that it does not infringe United States Trademark Registration No. 5,149,328.

95.     By virtue of not asserting a claim for infringement of United States Trademark Registration No. 5,149,328, Crocs waived and is estopped from asserting a claim of infringement of United States Trademark Registration No. 5,149,328 against Joybees or any footwear product that is currently manufactured or sold by Joybees or that was previously manufactured or sold by Joybees.

96.     There exists an actual controversy between Joybees and Crocs regarding whether Joybees or any product manufactured or sold by Joybees infringes United States Trademark Registration No. 5,149,328, and a judicial declaration of noninfringement is necessary and appropriate at this time.

**COUNTERCLAIM TWO**
**(Declaratory Judgment of Non-Dilution of United States Trademark**
**Registration No. 5,149,328)**

97.     Joybees hereby incorporates by reference each and every allegation set forth in paragraphs 1 through 96 of this Counterclaim.

98.     In the First Amended Complaint, Crocs asserts a claim against Joybees for dilution of United States Trademark Registration No. 5,149,328 pursuant to Section 43(c) of The Lanham Act.

99.     Neither Joybees nor any of its products dilute United States Trademark Registration No. 5,149,328.

100.    United States Trademark Registration No. 5,149,328 is not famous as defined in Section 43(c) of The Lanham Act.

101.    There exists an actual controversy between Joybees and Crocs regarding whether Joybees or any product manufactured or offered for sale by Joybees dilutes United States Trademark Registration No. 5,149,328, and a judicial declaration of non-dilution is necessary and appropriate at this time.

**COUNTERCLAIM THREE**
**(Declaratory Judgment of Invalidity of United States Trademark Registration No. 5,149,328)**

102.    Joybees hereby incorporates by reference each and every allegation set forth in paragraphs 1 through 101 of this Counterclaim.

103.    In the First Amended Complaint, Crocs asserts a claim against Joybees for dilution of United States Trademark Registration No. 5,149,328 pursuant to Section 43(c) of The Lanham Act.

104.    The holes that are part of United States Trademark Registration No. 5,149,328 are functional, including by enhancing the flow of air and movement of water vapor.

105.    United States Trademark Registration No. 5,149,328 is invalid for functionality.

106.    Crocs has not established that the footwear elements that comprise United States Trademark Registration No. 5, 149,328 are unique or that they have an established secondary meaning.

107.    United States Trademark Registration No. 5,149,328 is invalid for lack of secondary meaning.

108.    There exists an actual controversy between Joybees and Crocs regarding whether United States Trademark Registration No. 5,149,328 is valid and enforceable, and a judicial declaration of non-dilution is necessary and appropriate at this time.

## COUNTERCLAIM FOUR
### (Declaratory Judgment of Noninfringement of United States Trademark Registration No. 5,273,875)

109.    Joybees hereby incorporates by reference each and every allegation set forth in paragraphs 1 through 108 of this Counterclaim.

110.    Neither Joybees nor any product manufactured or offered for sale by Joybees infringes each of the elements of United States Trademark Registration No. 5,273,875.

111.    In the Answer & Counterclaims, Joybees asserted a counterclaim for noninfringement of United States Trademark Registration No. 5,273,875.  [ECF No. 9 at p. 34.]

112.    Crocs did not assert a claim for infringement of United States Trademark Registration No. 5,273,875 in the Counterclaims Answer.

113.    Crocs did not assert a claim for infringement of United States Trademark Registration No. 5,273,875 in the First Amended Complaint.

114.    An assertion of infringement of United States Trademark Registration No. 5,273,875 was compulsory as a matter of law in response to Joybees seeking a declaratory judgment that it does not infringe United States Trademark Registration No. 5,273,875.

115.    By virtue of not asserting a claim for infringement of United States Trademark Registration No. 5,273,875, Crocs waived and is estopped from asserting a claim of infringement of United States Trademark Registration No. 5,273,875 against Joybees or any footwear product that is currently manufactured or sold by Joybees or that was previously manufactured or sold by Joybees.

116.    There exists an actual controversy between Joybees and Crocs regarding whether Joybees or any product manufactured or sold by Joybees infringes United States Trademark Registration No. 5,273,875, and a judicial declaration of noninfringement is necessary and appropriate at this time.

## COUNTERCLAIM FIVE
### (Declaratory Judgment of Non-Dilution of United States Trademark Registration No. 5,273,875)

117.    Joybees hereby incorporates by reference each and every allegation set forth in paragraphs 1 through 116 of this Counterclaim.

118.    In the First Amended Complaint, Crocs asserts a claim against Joybees for dilution of United States Trademark Registration No. 5,273,875 pursuant to Section 43(c) of The Lanham Act.

119.    Neither Joybees nor any of its products dilute United States Trademark Registration No. 5,273,875.

120.    United States Trademark Registration No. 5,273,875 is not famous as defined in Section 43(c) of The Lanham Act.

121.    There exists an actual controversy between Joybees and Crocs regarding whether Joybees or any product manufactured or offered for sale by Joybees dilutes United States Trademark Registration No. 5,273,875, and a judicial declaration of non-dilution is necessary and appropriate at this time.

### COUNTERCLAIM SIX
### (Declaratory Judgment of Invalidity of United States Trademark Registration No. 5,273,875)

122.    Joybees hereby incorporates by reference each and every allegation set forth in paragraphs 1 through 121 of this Counterclaim.

123.    In the First Amended Complaint, Crocs asserts a claim against Joybees for dilution of United States Trademark Registration No. 5,273,875 pursuant to Section 43(c) of The Lanham Act.

124.    The holes that are part of United States Trademark Registration No. 5,273,875 are functional, including by enhancing the flow of air and movement of water vapor.

125.    United States Trademark Registration No. 5,273,875 is invalid for functionality.

126.    Crocs has not established that the footwear elements that comprise United States Trademark Registration No. 5, 149,328 are unique or that they have an established secondary meaning.

127.    United States Trademark Registration No. 5,273,875 is invalid for lack of secondary meaning.

128.     There exists an actual controversy between Joybees and Crocs regarding whether United States Trademark Registration No. 5,273,875 is valid and enforceable, and a judicial declaration of non-dilution is necessary and appropriate at this time.

## COUNTERCLAIM SEVEN
**(Declaratory Judgment of Noninfringement of United States Patent No. D632,465 S)**

129.     Joybees hereby incorporates by reference each and every allegation set forth in paragraphs 1 through 128 of this Counterclaim.

130.     Joybees has not practiced the design taught by any of the claims of United States Patent No. D 632,465 S and none of the products that have been or currently are offered by Joybees infringe any of the claims of United States Patent No. D 632,465 S.

131.     Crocs asserts a claim for infringement of United States Patent No. D 632,465 S against Joybees in the First Amended Complaint.

132.     There exists an actual controversy between Joybees and Crocs regarding whether Joybees or any product offered by Joybees infringes any of the claims of United States Patent No. D 632,465 S, and a judicial declaration of noninfringement is necessary and appropriate at this time.

## COUNTERCLAIM EIGHT
**(Declaratory Judgment of Invalidity of United States Patent No. D632,465 S)**

133.     Joybees hereby incorporates by reference each and every allegation set forth in paragraphs 1 through 132 of this Counterclaim.

134.     Crocs asserts a claim for infringement of United States Patent No. D 632,465 S against Joybees in the First Amended Complaint.

135.     United States Patent No. D 632,465 S is not valid under at least 35 U.S.C. § 102 and/or § 103.

136.     Upon information and belief, the alleged invention claimed in United States Patent No. D 632,465 S was described in and/or obvious in view of at least United States Patent Application Publication No. U.S. 2004/0231190 A1, which was published on November 25, 2004.

137.     Upon information and belief, the alleged invention claimed in United States Patent No. D 632,465 S was described in and/or obvious in view of other patents or printed publications before the filing date for United States Patent No. D 632,465 S.

138.     There exists an actual controversy between Joybees and Crocs regarding the validity of United States Patent No. D 632,465 S, and a judicial declaration of invalidity is necessary and appropriate at this time.

## COUNTERCLAIM NINE
### (Declaratory Judgment of Noninfringement of United States Patent No. 7,146,751 B2)

139.     Joybees hereby incorporates by reference each and every allegation set forth in paragraphs 1 through 138 of this Counterclaim.

140.     Joybees has not practiced the design taught by any of the claims of United States Patent No. 7,146,751 B2 and none of the products that have been or currently are offered by Joybees infringe any of the claims of United States Patent No. 7,146,751 B2.

141.     In the Answer & Counterclaims, Joybees asserted a counterclaim for noninfringement of United States Patent No. 7,146,751 B2.  [ECF No. 9 at p. 35.]

142.     Crocs did not assert a claim for infringement of United States Patent No. 7,146,751 B2 in the Counterclaims Answer.  Crocs did not assert a claim for infringement of United States Patent No. 7,146,751 B2 in the First Amended Complaint.

143.    An assertion of infringement of United States Patent No. 7,146,751 B2 was compulsory as a matter of law in response to Joybees seeking a declaratory judgment that it does not infringe United States Patent No. 7,146,751 B2.

144.    By virtue of not asserting a claim for infringement of United States Patent No. 7,146,751 B2, Crocs waived and is estopped from asserting a claim of infringement of United States Patent No. 7,146,751 B2 against Joybees or any footwear product that is currently manufactured or sold by Joybees or that was previously manufactured or sold by Joybees.

145.    There exists an actual controversy between Joybees and Crocs regarding whether Joybees or any product manufactured or sold by Joybees infringes United States Patent No. 7,146,751 B2, and a judicial declaration of noninfringement is necessary and appropriate at this time.

## COUNTERCLAIM TEN
**(Declaratory Judgment of Noninfringement of United States Patent No. 6,993,858 B2)**

146.    Joybees hereby incorporates by reference each and every allegation set forth in paragraphs 1 through 145 of this Counterclaim.

147.    Joybees has not practiced the design taught by any of the claims of United States Patent No. 6,993,858 B2 and none of the products that have been or currently are offered by Joybees infringe any of the claims of United States Patent No. 6,993,858 B2.

148.    In the Answer & Counterclaims, Joybees asserted a counterclaim for noninfringement of United States Patent No. 6,993,858 B2.  [ECF No. 9 at p. 36.]

149.    Crocs did not assert a claim for infringement of United States Patent No. 6,993,858 B2 in the Counterclaims Answer.

150.     Crocs did not assert a claim for infringement of United States Patent No. 6,993,858 B2 in the First Amended Complaint.

151.     An assertion of infringement of United States Patent No. 6,993,858 B2 was compulsory as a matter of law in response to Joybees seeking a declaratory judgment that it does not infringe United States Patent No. 6,993,858 B2.

152.     By virtue of not asserting a claim for infringement of United States Patent No. 6,993,858 B2, Crocs waived and is estopped from asserting a claim of infringement of United States Patent No. 6,993,858 B2 against Joybees or any footwear product that is currently manufactured or sold by Joybees or that was previously manufactured or sold by Joybees.

153.     There exists an actual controversy between Joybees and Crocs regarding whether Joybees or any product manufactured or sold by Joybees infringes United States Patent No. 6,993,858 B2, and a judicial declaration of noninfringement is necessary and appropriate at this time.

## COUNTERCLAIM ELEVEN
**(Declaratory Judgment of Noninfringement of United States Patent No. D517,789)**

154.     Joybees hereby incorporates by reference each and every allegation set forth in paragraphs 1 through 153 of this Counterclaim.

155.     Joybees has not practiced the design taught by any of the claims of United States Patent No. D517,789 and none of the products that have been or currently are offered by Joybees infringe any of the claims of United States Patent No. D517,789.

156.     In the Answer & Counterclaims, Joybees asserted a counterclaim for noninfringement of United States Patent No. D517,789.  [ECF No. 9 at p. 36.]

157.     Crocs did not assert a claim for infringement of United States Patent No. D517,789 in the Counterclaims Answer.

158.     Crocs did not assert a claim for infringement of United States Patent No. D517,789 in the First Amended Complaint.

159.     An assertion of infringement of United States Patent No. D517,789 was compulsory as a matter of law in response to Joybees seeking a declaratory judgment that it does not infringe United States Patent No. D517,789.

160.     By virtue of not asserting a claim for infringement of United States Patent No. D517,789, Crocs waived and is estopped from asserting a claim of infringement of United States Patent No. D517,789 against Joybees or any footwear product that is currently manufactured or sold by Joybees or that was previously manufactured or sold by Joybees.

161.     There exists an actual controversy between Joybees and Crocs regarding whether Joybees or any product manufactured or sold by Joybees infringes United States Patent No. D517,789, and a judicial declaration of noninfringement is necessary and appropriate at this time.

## COUNTERCLAIM TWELVE
### (Declaratory Judgment of Noninfringement of United States Trademark Registration No. 3,836,415)

162.     Joybees hereby incorporates by reference each and every allegation set forth in paragraphs 1 through 161 of this Counterclaim.

163.     Crocs alleges in the First Amended Complaint that Joybees and its products, including the "Kids' Splash Sneaker," "Modern Clog," "Kids' Active Clog," "Varsity Clog," and "Work Clog," infringe United States Trademark Registration No. 3,836,415 either directly or through marketing associated with Joybees' products.

164.     Crocs alleges that Joybees infringement of United States Trademark Registration No. 3,836,415 creates a substantial likelihood of confusion and caused mistake and deception in consumers' minds.

165.     Joybees has not and does not infringe United States Trademark Registration No. 3,836,415.

166.     There exists an actual controversy between Joybees and Crocs regarding whether Joybees or any product manufactured or offered for sale by Joybees infringes United States Trademark Registration No. 3,836,415, and a judicial declaration of noninfringement is necessary and appropriate at this time.

<u>**COUNTERCLAIM THIRTEEN**</u>
**(Declaratory Judgment of No False Designation of Origin/Unfair Competition Under Section 43(a) of the Lanham Act)**

167.     Joybees hereby incorporates by reference each and every allegation set forth in paragraphs 1 through 166 of this Counterclaim.

168.     In the First Amended Complaint, Crocs asserts a claim against Joybees for false designation of origin under Section 43(a) of The Lanham Act based on Joybees' alleged use of United States Trademark Registration No. 3,839,415.

169.     Neither Joybees nor any of its products use United States Trademark Registration No. 3,839,415.

170.     No consumer has been confused or deceived by Joybees because neither Joybees nor any of its products use United States Trademark Registration No. 3,839,415.

171.     There exists an actual controversy between Joybees and Crocs regarding whether Joybees or any product manufactured or offered for sale by Joybees uses United States Trademark

Registration No. 3,839,415 in a manner that creates a false designation of origin under Section 43(a) of The Lanham Act, and a judicial declaration is necessary and appropriate at this time.

## COUNTERCLAIM FOURTEEN
### (Violations of § 2 of The Sherman Act)

### Monopolization and/or Attempted Monopolization

172.     Joybees hereby incorporates by reference each and every allegation set forth in paragraphs 1 through 171 of this Counterclaim.

173.     Section 2 of the Sherman Act (15 U.S.C. § 2) prohibits, inter alia, the willful monopolization of or attempts to monopolize any part of the trade or commerce among the States.

174.     Injection-molded clogs or, in the alternative, clogs in the United States (the "Relevant Markets") are relevant antitrust markets.

175.     Crocs has monopoly power in the Relevant Markets or, in the alternative, has attempted to monopolize the Relevant Markets.

176.     Upon information and belief, Crocs has a market share of more than ███ and market power – the ability to raise prices or decrease supply – in the Relevant Market for injection-molded clogs; Crocs has a market share of █████ and market power – the ability to raise prices above a competitive level – in the Relevant Market for clogs.

177.     Upon information and belief, Crocs willfully acquired, maintained, and used its monopoly power, or there is a dangerous probability Crocs will succeed in its attempt to obtain a monopoly and will harm competition, in the Relevant Markets through its course of anticompetitive and exclusionary conduct described herein.

178.     Upon information and belief, Crocs is engaged in a concerted effort to exclude its competitors, including Joybees, from the Relevant Markets in an effort to ████████████

████████████████████ and entrench its own monopoly in order to extract monopoly profits to meet its ████████████████████████ Through its conduct, including exclusive and conditional dealings, Crocs has excluded competition and willfully maintained its monopoly in, or has attempted to monopolize, the Relevant Markets through means other than competing on the merits.

179.    As a direct and proximate result of Crocs' violations of the antitrust laws as alleged herein, consumers have been deprived of the full benefits of competition in the relevant market, including increased choice, quality, and innovation; Joybees has been injured, including by retailers being forced, directly or indirectly, by Crocs not to deal with Joybees, in an amount to be determined at trial; and Joybees has suffered and is threatened with continued loss or damage to its business and property.  The eighteen Joybees Retailers that have stopped selling Joybees in order to start selling Crocs constitute a loss to Joybees of an estimated $1.6M+ in annual revenue.

180.    Crocs's course of conduct is ongoing.  Joybees has no adequate remedy at law and Crocs's unlawful conduct will continue unless enjoined.

## COUNTERCLAIM FIFTEEN
### (Violation of C.R.S. § 6-4-105 of the Colorado Antitrust Act of 1992)

181.    Joybees hereby incorporates by reference each and every allegation set forth in paragraphs 1 through 180 of this Counterclaim.

182.    Section 5 of the Colorado Antitrust Act of 1992 (C.R.S. § 6-4-105) prohibits, inter alia, the willful monopolization of or attempts to monopolize any part of trade or commerce.

183.    Injection-molded clogs or, in the alternative, clogs in the United States (the "Relevant Markets") are relevant antitrust markets.

184.     Crocs has monopoly power in the Relevant Markets or, in the alternative, has attempted to monopolize the Relevant Markets.

185.     Upon information and belief, Crocs has a market share of more than ███ and market power – the ability to raise prices or decrease supply – in the Relevant Market for injection-molded clogs; Crocs has a market share of █████ and market power – the ability to raise prices above a competitive level – in the Relevant Market for clogs.

186.     Upon information and belief, Crocs willfully acquired, maintained, and used its monopoly power, or there is a dangerous probability Crocs will succeed in its attempt to obtain a monopoly and will harm competition, in the Relevant Markets through its course of anticompetitive and exclusionary conduct described herein.

187.     Upon information and belief, Crocs is engaged in a concerted effort to exclude its competitors, including Joybees, from the Relevant Markets in an effort to ████████████ ████████████████ and entrench its own monopoly in order to extract monopoly profits to meet its ████████████████████████ Through its conduct, including exclusive and conditional dealings, Crocs has excluded competition and willfully maintained its monopoly in, or has attempted to monopolize, the Relevant Markets through means other than competing on the merits.

188.     As a direct and proximate result of Crocs' violations of the antitrust laws as alleged herein, consumers have been deprived of the full benefits of competition in the relevant market, including increased choice, quality, and innovation; Joybees has been injured, including by retailers being forced, directly or indirectly, by Crocs not to deal with Joybees, in an amount to be determined at trial; and Joybees has suffered and is threatened with continued loss or damage to

its business and property.  The eighteen Joybees Retailers that have stopped selling Joybees in order to start selling Crocs constitute a loss to Joybees of an estimated $1.6M+ in annual revenue.

189.    Crocs's course of conduct is ongoing.  Joybees has no adequate remedy at law and Crocs's unlawful conduct will continue unless enjoined.

## **PRAYER FOR RELIEF**

WHEREFORE, Defendant and Counterclaimant Joybees LLC prays for judgment in its favor and against Crocs as follows:

A.    Declare that none of Joybees' products infringe any of the claims of United States Patent No. D632,465 S; United States Patent No. D517,789, United States Patent No. 7,146,751 B2; or United States Patent No. 6,993,858 B2;

B.    Declare that none of Joybees' products infringe United States Trademark Registration No. 5,149,328, United States Trademark Registration No. 5,273,875, or United States Trademark Registration No. 3,836,415;

C.    Declare that Crocs has waived and is estopped from asserting against Joybees or any of its existing or prior products claims of infringement of United States Patent No. D517,789, United States Patent No. 7,146,751 B2; United States Patent No. 6,993,858 B2; United States Trademark Registration No. 5,149,328, or United States Trademark Registration No. 5,273,875;

D.    Declare that none of Joybees' products dilute United States Trademark Registration No. 5,149,328 or United States Trademark Registration No. 5,273,875;

E.    Declare that none of Joybees' products create a false designation of origin under United States Trademark Registration No. 3,836,415;

F.      Declare that United States Trademark Registration No. 5,149,328 and United States Trademark Registration No. 5,273,875 are not valid or enforceable;

G.      Find that Crocs has engaged in monopolistic, anticompetitive and exclusionary conduct in violation of § 2 of The Sherman Act and § 6-4-105 of the Colorado Antitrust Act of 1992;

H.      Enjoin Crocs from committing further violations of § 2 of The Sherman Act (15 U.S.C. § 2) and the Colorado Antitrust Act of 1992 (C.R.S. § 6-4-105);

I.      Award Joybees damages, including treble damages pursuant to 15 U.S.C. § 15(a) and C.R.S. § 6-4-114(1), for Crocs's willful anticompetitive and exclusionary conduct in violation of §2 of The Sherman Act (15 U.S.C. § 2) and the Colorado Antitrust Act of 1992 (C.R.S. § 6-4-105);

J.      Award Joybees its attorney fees pursuant to 15 U.S.C. § 15(a) and C.R.S. § 6-4-114(2).

K.      Find this an exceptional case and award Joybees its costs, attorneys' fees, and expenses pursuant to 35 U.S.C. § 285; and

L.      Grant such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Defendant and Counterclaimant Joybees LLC hereby demands a jury trial on all the issues so triable on its counterclaims.

Respectfully submitted this 16th day of February, 2023.

KUTAK ROCK LLP

*s/ Chad T. Nitta*
Chad T. Nitta
Shelby L. Morbach
1801 California St., Suite 3000
Denver, CO 80202
Tel:  303-297-2400
chad.nitta@kutakrock.com
shelby.morbach@kutakrock.com

Saul S. Rostamian
SHEPPARD MULLIN
1901 Avenue of the Stars, Suite 1600
Los Angeles, CA  90067
Tel: 310.228.2275
srostamian@sheppardmullin.com

*ATTORNEYS FOR DEFENDANTS*

## CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of February, 2023, I electronically filed the foregoing **DEFENDANT JOYBEES LLC'S ANSWER TO PLAINTIFF CROCS, INC.'S FIRST AMENDED COMPLAINT, AFFIRMATIVE DEFENSES, COUNTERCLAIMS AND JURY DEMAND** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Suneeta Hazra
Adrienne Boyd
ARNOLD & PORTER KAYE SCHOLER LLP
1144 Fifteenth Street, Suite 3100
Denver, CO 80202
Tel: (303) 863-1000
Suneeta.Hazra@arnoldporter.com
Adrienne.Boyd@arnoldporter.com
*Attorneys for Plaintiff*

Jonathan K. Cooperman
Anne-Marie Mitchell
KELLEY DRYE & WARREN LLP
3 World Trade Center
175 Greenwich Street
New York, NY 10007
Tel: (212) 808-7800
jcooperman@kelleydrye.com
amitchell@kelleydrye.com
*Attorneys for Plaintiff*

*s/ Chad T. Nitta*
Chad T. Nitta
KUTAK ROCK LLP
1801 California St., Suite 3000
Denver, CO 80202
Tel:  303-297-2400
chad.nitta@kutakrock.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of July, 2023, I electronically filed the foregoing **DEFENDANT JOYBEES LLC'S ANSWER TO PLAINTIFF CROCS, INC.'S FIRST AMENDED COMPLAINT, AFFIRMATIVE DEFENSES, COUNTERCLAIMS AND JURY DEMAND (ECF No. 99) WITH ORDERED REDACTIONS** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Suneeta Hazra
Adrienne Boyd
ARNOLD & PORTER KAYE SCHOLER LLP
1144 Fifteenth Street, Suite 3100
Denver, CO 80202
Tel: (303) 863-1000
Suneeta.Hazra@arnoldporter.com
Adrienne.Boyd@arnoldporter.com
*Attorneys for Plaintiff*

Jonathan K. Cooperman
Anne-Marie Mitchell
KELLEY DRYE & WARREN LLP
3 World Trade Center
175 Greenwich Street
New York, NY 10007
Tel: (212) 808-7800
jcooperman@kelleydrye.com
amitchell@kelleydrye.com
*Attorneys for Plaintiff*

*s/ Chad T. Nitta*
Chad T. Nitta
KUTAK ROCK LLP
1801 California St., Suite 3000
Denver, CO 80202
Tel: 303-297-2400
chad.nitta@kutakrock.com