IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**Lead Consolidated Case** No. 1:21-cv-02859-GPG-SBP

CROCS, INC.,

    Plaintiff, Counterclaim Defendant,

v.

                                         (Member Case No. 1:23-cv-01719-GPG-SBP)

JOYBEES, INC.,

    Defendant, Counterclaimant;

and

KELLEN MCCARVEL,

    Defendant.

---

**ORDER ON SPECIAL MASTER'S RECOMMENDATIONS** (ECF Nos. 317, 318)

---

**Susan Prose, United States Magistrate Judge**

This matter is before this court on the Recommendations of Special Master Donald L. Samuels filed on February 28, 2024. ECF Nos. 317, 318. The Recommendations rule respectively on the motions ECF No. 224 (225) to compel Defendants Joybees, Inc. and Kellen McCarvel to produce certain WeChat documents, and ECF No. 201 (202), Defendants' motion to sanction Plaintiff Crocs, Inc. for failure to preserve certain electronically stored information ("ESI"). Pursuant to Rule 53(f), the Order Appointing the Special Master (ECF No. 303), and Judge Gallagher's Order of March 11, 2024, the parties had until March 20, 2024, in which to file objections to the Recommendations. No objections were filed.

In acting on a special master's report or recommendations, the court "may adopt or

affirm, modify, wholly or partly reject or reverse, or resubmit to the master with instructions." Fed. R. Civ. P. 53(f)(1). Federal Rule of Civil Procedure 53, like the statute governing review of magistrate judge reports and recommendations, does not specify the level of review to be applied to findings of fact or conclusions of law in a special master's report when no timely objections have been made. *Compare* Fed. R. Civ. P. 53(f) *with* 28 U.S.C. § 636(b)(1).[1]

In the case of a magistrate judge's report, the Supreme Court has held that the statute's omission of any applicable standard of review means that the statute does not "require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 474 U.S. 140, 150 (1985), *superseded in part on other issue by statute*. In the absence of a timely objection, a district court may therefore review a magistrate judge's report "under any standard it deems appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991).

This court finds that this same logic applies to review of a special master's report when no timely objections have been made. *See, e.g., Nelson v. United States*, No. 1:11-cv-02953-DDD-CBS, 2020 WL 13460976, at *1 (D. Colo. May 27, 2020), *aff'd*, 40 F.4th 1105 (10th Cir. 2022). In this case, the court has reviewed Special Master Samuels' recommendations to satisfy itself that there is no clear error on the face of the record. *See Daedalus Blue, LLC v.*

---

[1] In this case, the Special Master's factual findings are not reviewable because the parties, with the court's approval, stipulated that the findings of the Special Master would be final. Fed. R. Civ. P. 53(f)(3)(B). The Order Appointing Donald L. Samuels as Special Master (the "Order of Appointment") provides: "[i]n reviewing the actions of the Special Master, the parties will be deemed to have stipulated that findings of fact made by the Special Master will be final, except for a party who objects to this portion of the Order, in writing and filed with the Court, within seven (7) days of the date of this Order." ECF No. 303 at 4 ¶ 8. No party objected to this provision of the Order of Appointment. Therefore, even if a party had objected to the Recommendations, this court would not disturb the Special Master's findings of fact.

*Microstrategy Inc.*, No. 20-CV-551(RCY), 2023 WL 5690212, at *1 (E.D. Va. July 24, 2023) (applying Fourth Circuit's clear-error review to special master's unobjected-to report and recommendation); *Seggos v. Datre*, No. 17-CV-2684 (SJF)(ARL), 2019 WL 3557688, at *2 (E.D.N.Y. Aug. 5, 2019) (district courts in Second Circuit have applied clear-error review to Special Master's report when no objections made); *Andrews v. U.S. Pipe & Foundry Co.*, No. 2:06-cv-1645-RDP, 2009 WL 10703074, at *2 (N.D. Ala. Aug. 5, 2009) (Fifth and Eleventh Circuits require clear-error review of special master's findings when no objections are made).

Based on its review here, it is evident that Special Master Samuels approached the Recommendations with care and fairness, and the court concludes that the Recommendations are a correct application of the facts and the law. In short, the court has satisfied itself that there is no clear error on the face of the record.

Accordingly, the Special Master's Recommendations ECF Nos. 317 and 318 are ADOPTED by this court.[2]

---

[2] Rule 72 of the Federal Rules of Civil Procedure provides that within fourteen (14) days after service of a Magistrate Judge's order or recommendation, any party may serve and file written objections with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. §§ 636(b)(1)(A), (B); Fed. R. Civ. P. 72(a), (b). Failure to make any such objection will result in a waiver of the right to appeal the Magistrate Judge's order or recommendation. *See Sinclair Wyo. Ref. Co. v. A & B Builders, Ltd.*, 989 F.3d 747, 782 (10th Cir. 2021) (firm waiver rule applies to non-dispositive orders); *but see Morales-Fernandez v. INS*, 418 F.3d 1116, 1119, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review, including when a "pro se litigant has not been informed of the time period for objecting and the consequences of failing to object").

4

DATED:  March 21, 2024 

BY THE COURT:

_____
Susan Prose
United States Magistrate Judge