## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 21-cv-02859-PAB-MEH
     (Member Case No. 1:23-01719-GPG-SBP)

CROCS, INC.,

       Plaintiff,

v.

JOYBEES, INC., and
KELLEN McCARVEL,

       Defendants.

---

## DEFENDANT KELLEN MCCARVEL'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES

---

Defendant Kellen McCarvel ("McCarvel"), by and through his undersigned counsel, for their Answer to Plaintiff's First Amended Complaint (the "Amended Complaint"), Affirmative Defenses, Counterclaims and Jury Demand, state as follows:

## ANSWER

Defendants deny generally all claims not specifically admitted herein in accordance with Rule 8(b) of the Federal Rules of Civil Procedure. In light of the foregoing, Defendants answer the Amended Complaint as follows:

## INTRODUCTION

Subject to and without waiving the foregoing, McCarvel respond to the separate, numbered paragraphs of the Complaint as follows:

1.      Paragraph 1 contains conclusory statements and/or legal conclusions to which no response is required.  To the extent a response is deemed necessary McCarvel denies the allegations in Paragraph 1.

2.      Paragraph 2 contains conclusory statements and/or legal conclusions to which no response is required.  To the extent a response is deemed necessary, McCarvel denies the allegations in Paragraph 2.

3.      McCarvel denies the allegations in Paragraph 3.

4.      The allegations in Paragraph 4 are not directed at McCarvel.  McCarvel is without sufficient knowledge and information to answer the allegations in Paragraph 4, and therefore denies the same.  To the extent the allegations in Paragraph 4 are directed at McCarvel, McCarvel denies the same.

5.      McCarvel admits that he signed an affidavit in 2021, which was drafted by counsel for Crocs, who refused multiple requests by McCarvel to add clarifying language to the document (the "McCarvel Affidavit").  The McCarvel Affidavit speaks for itself, and McCarvel denies any allegations in Paragraph 7 that are inconsistent therewith.  Paragraph 5 also contains allegations that are not directed at McCarvel.  McCarvel is without sufficient knowledge and information to answer the allegations in Paragraph 5.  To the extent the allegations in Paragraph 5 are directed at McCarvel, and except as expressly admitted herein, McCarvel denies the allegations in Paragraph 5.

6.      The allegations in Paragraph 6 are not directed at McCarvel.  McCarvel is without sufficient information or belief to respond to the allegations in Paragraph 6, and therefore denies the same.  Additionally, Paragraph 6 contains conclusory statements and/or legal conclusions to

2

which no response is required.  To the extent a response is deemed necessary, and except as expressly admitted herein, McCarvel denies the allegations in Paragraph 6.  McCarvel admits only that Crocs filed an action in the United States District Court for the District of Colorado, No. 1:21-cv-02859-GPG-SBP (the "2021 Action"), and the docket speaks for itself.

7.    Paragraph 7 contains conclusory statements and/or legal conclusions to which no response is required.  Except as expressly admitted herein, McCarvel denies the allegations in Paragraph 7.

8.    Paragraph 8 contains conclusory statements and/or legal conclusions to which no response is required.  Furthermore, the allegations in Paragraph 8 are directed at Joybees and other unnamed individuals.  McCarvel is without sufficient information or belief to respond to the allegations in Paragraph 8, and therefore denies the same.  To the extent the allegations in Paragraph 8 are directed at McCarvel, McCarvel denies the same.

9.    Paragraph 9 contains conclusory statements and/or legal conclusions to which no response is required.  Furthermore, the allegations in Paragraph 9 are directed at Joybees and other unnamed individuals.  McCarvel is without sufficient information or belief to respond to the allegations in Paragraph 9, and therefore denies the same.  To the extent the allegations in Paragraph 9 are directed at McCarvel, McCarvel denies the same.

10.    Paragraph 10 contains conclusory statements and/or legal conclusions to which no response is required.  Furthermore, the allegations in Paragraph 10 are directed at Joybees and other unnamed individuals.  McCarvel is without sufficient information or belief to respond to the allegations in Paragraph 10, and therefore denies the same.  To the extent the allegations in Paragraph 10 are directed at McCarvel, McCarvel denies the same.

3

11.     Paragraph 11 contains conclusory statements and/or legal conclusions to which no response is required.  Furthermore, the allegations in Paragraph 11 are directed at Joybees and other unnamed individuals.  McCarvel is without sufficient information or belief to respond to the allegations in Paragraph 11, and therefore denies the same.  To the extent the allegations in Paragraph 11 are directed at McCarvel, McCarvel denies the same.

12.     Paragraph 12 contains conclusory statements and/or legal conclusions to which no response is required.  Furthermore, the allegations in Paragraph 12 are directed at Joybees and other unnamed individuals.  McCarvel is without sufficient information or belief to respond to the allegations in Paragraph 12, and therefore denies the same.  To the extent the allegations in Paragraph 12 are directed at McCarvel, McCarvel denies the same.

13.     The allegations in Paragraph 13 are not directed at McCarvel.  McCarvel is without sufficient information or belief to respond to the allegations in Paragraph 13, and therefore denies the same.  Additionally, Paragraph 13 contains conclusory statements and/or legal conclusions to which no response is required.  To the extent a response is deemed necessary, and except as expressly admitted herein, McCarvel denies the allegations in Paragraph 13.  McCarvel admits only that Crocs filed an action in the United States District Court for the District of Colorado, No. 1:23-cv-01719-GPG-SBP (the "2023 Action"), and the dockets in the 2023 Action and the 2021 Action speak for themselves.

14.     Paragraph 14 contains conclusory statements and/or legal conclusions to which no response is required.  Furthermore, the allegations in Paragraph 14 are directed at Joybees and other unnamed individuals.  McCarvel is without sufficient information or belief to respond to

4

the allegations in Paragraph 14, and therefore denies the same. To the extent the allegations in Paragraph 14 are directed at McCarvel, McCarvel denies the same.

15.    Paragraph 15 contains conclusory statements and/or legal conclusions to which no response is required. Furthermore, the allegations in Paragraph 15 are directed at Joybees and other unnamed individuals. McCarvel is without sufficient information or belief to respond to the allegations in Paragraph 15, and therefore denies the same. To the extent the allegations in Paragraph 15 are directed at McCarvel, McCarvel denies the same.

16.    Paragraph 16 contains conclusory statements and/or legal conclusions to which no response is required. Furthermore, the allegations in Paragraph 16 are directed at Joybees and other unnamed individuals. McCarvel is without sufficient information or belief to respond to the allegations in Paragraph 16, and therefore denies the same. To the extent the allegations in Paragraph 16 are directed at McCarvel, McCarvel denies the same.

17.    Paragraph 17 contains conclusory statements and/or legal conclusions to which no response is required. Except as expressly admitted herein, McCarvel denies the allegations in Paragraph 17.

## PARTIES

18.    McCarvel is without sufficient information or knowledge to respond to the allegations of Paragraph 18, and therefore denies the same.

19.    The allegations in Paragraph 19 are directed at Joybees. McCarvel is without sufficient information or belief to respond to the allegations in Paragraph 19, and therefore denies the same. To the extent the allegations in Paragraph 16 are directed at McCarvel, McCarvel denies the same.

20.    McCarvel admits that he is a current resident of Oregon, a former Merchandising Manager for Crocs, and that he has been CEO of Joybees since November of 2018.  Except as expressly admitted herein, McCarvel denies the allegations in Paragraph 20.

## JURISDICTION AND VENUE

21.    Paragraph 21 contains conclusory statements and/or legal conclusions to which no response is required.  Furthermore, the allegations in Paragraph 21 are directed at Joybees. McCarvel is without sufficient information or belief to respond to the allegations in Paragraph 21, and therefore denies the same.   To the extent the allegations in Paragraph 21 are directed at McCarvel and a response is deemed necessary, McCarvel denies the same.

22.    Paragraph 22 contains conclusory statements and/or legal conclusions to which no response is required.  To the extent a response is deemed necessary, McCarvel denies the allegations in Paragraph 22.

23.    Paragraph 23 contains conclusory statements and/or legal conclusions to which no response is required.  To the extent a response is deemed necessary, McCarvel denies the allegations in Paragraph 23.

24.    Paragraph 24 contains conclusory statements and/or legal conclusions to which no response is required.  To the extent a response is deemed necessary, McCarvel denies the allegations in Paragraph 24.

## FACTS RELEVANT TO ALL CLAIMS

A.    **Crocs's Confidential, Proprietary, and Trade Secret Business Information**

25.    McCarvel is without sufficient information or knowledge to respond to the allegations in Paragraph 25, and therefore denies the same.

4856-2928-6988.3

26.     McCarvel is without sufficient information or knowledge to respond to the allegations in Paragraph 26, and therefore denies the same.

27.     McCarvel is without sufficient information or knowledge to respond to the allegations in Paragraph 27, and therefore denies the same.

28.     McCarvel is without sufficient information or knowledge to respond to the allegations in Paragraph 28, and therefore denies the same.

29.     McCarvel is without sufficient information or knowledge to respond to the allegations in Paragraph 29, and therefore denies the same.

30.     McCarvel is without sufficient information or knowledge to respond to the allegations in Paragraph 30, and therefore denies the same.

31.     McCarvel is without sufficient information or knowledge to respond to the allegations in Paragraph 31, and therefore denies the same.

32.     McCarvel is without sufficient information or knowledge to respond to the allegations in Paragraph 32, and therefore denies the same.

33.     McCarvel is without sufficient information or knowledge to respond to the allegations in Paragraph 33, and therefore denies the same.

34.     McCarvel is without sufficient information or knowledge to respond to the allegations in Paragraph 34, and therefore denies the same.

35.     McCarvel is without sufficient information or knowledge to respond to the allegations in Paragraph 35, and therefore denies the same.

4856-2928-6988.3

**B.    Kellen McCarvel's Employment and Confidentiality Obligations with Crocs**

36.    McCarvel admits that his father is John McCarvel.  McCarvel further admits that he was hired by Crocs as a Sales Planning Coordinator-Golf in 2012.  Otherwise, Paragraph 36 contains allegations not directed at McCarvel.  McCarvel is without sufficient information or knowledge to respond to the allegations in Paragraph 36, and therefore denies the same.  To the extent the allegations in Paragraph 36 are directed at McCarvel, and except as expressly admitted herein, McCarvel denies the same.

37.    McCarvel admits that in 2013 he was promoted to a new role and given different responsibilities, and that he was again later promoted to the role of Merchandise Manager, Latin America.  Except as expressly admitted herein, McCarvel denies the allegations in Paragraph 37.

38.    McCarvel denies the allegations in Paragraph 38.

39.    McCarvel denies the allegations in Paragraph 39.

40.    McCarvel denies the allegations in Paragraph 40.

41.    McCarvel denies the allegations in Paragraph 41.

42.    McCarvel denies the allegations in Paragraph 42.

43.    McCarvel admits that he resigned from his position at Crocs in or around May 2018.  McCarvel further admits that his last day at Crocs was on or about June 15, 2018.  Except as expressly admitted herein, McCarvel denies the allegations in Paragraph 43.

44.    McCarvel denies the allegations in Paragraph 44.

**C.    McCarvel and Joybees's Founding Members Acquire an Initial Inventory of Knockoff Footwear**

45.    Paragraph 45 contains conclusory statements and/or legal conclusions to which no response is required.  Furthermore, the allegations in Paragraph 45 are not directed at

McCarvel.  McCarvel is without sufficient information or belief to respond to the allegations in Paragraph 45, and therefore denies the same.   To the extent the allegations in Paragraph 45 are directed at McCarvel, McCarvel denies the same.

46.     Paragraph 46 contains conclusory statements and/or legal conclusions to which no response is required.  Furthermore, the allegations in Paragraph 46 are not directed at McCarvel.  McCarvel is without sufficient information or belief to respond to the allegations in Paragraph 46, and therefore denies the same.   To the extent the allegations in Paragraph 46 are directed at McCarvel, McCarvel denies the same.

47.     Paragraph 47 contains conclusory statements and/or legal conclusions to which no response is required.  Furthermore, the allegations in Paragraph 47 are not directed at McCarvel.  McCarvel is without sufficient information or belief to respond to the allegations in Paragraph 47, and therefore denies the same.   To the extent the allegations in Paragraph 47 are directed at McCarvel, and except as expressly admitted herein, McCarvel denies the same.  McCarvel admits only that, some time after he left Crocs, he began working with USA Dawgs, LLC.

48.     Paragraph 48 contains conclusory statements and/or legal conclusions to which no response is required.  Furthermore, the allegations in Paragraph 48 are not directed at McCarvel.  McCarvel is without sufficient information or belief to respond to the allegations in Paragraph 48, and therefore denies the same.   To the extent the allegations in Paragraph 48 are directed at McCarvel, and except as expressly admitted herein, McCarvel denies the same.  McCarvel admits only that he became CEO of USA Dawgs LLC in November 2018.

49.     McCarvel admits that, in his capacity as CEO of Joybees, he helped donate Joybees' remaining Dawgs footwear inventory in 2019.  Otherwise, the allegations in Paragraph 49 are not directed at McCarvel.  McCarvel is without sufficient information or knowledge to respond to the allegations in Paragraph 49, and therefore denies the same.  To the extent the allegations in Paragraph 49 are directed at McCarvel, and except as expressly admitted herein, McCarvel denies the same.

50.     The allegations in Paragraph 50 are not directed at McCarvel.  McCarvel is without sufficient information or belief to respond to the allegations in Paragraph 50, and therefore denies the same.

**D.      Joybees Launches its New Knockoff Footwear Brand, Prompting Crocs's Forensic Investigation and Discovery of McCarvel's "Take" Folder Theft**

51.     Paragraph 51 contains conclusory statements and/or legal conclusions to which no response is required.  Furthermore, the allegations in Paragraph 51 are not directed at McCarvel.  McCarvel is without sufficient information or belief to respond to the allegations in Paragraph 51, and therefore denies the same.   To the extent the allegations in Paragraph 51 are directed at McCarvel, McCarvel denies the same.

52.     The allegations in Paragraph 52 are not directed at McCarvel.  McCarvel is without sufficient information or belief to respond to the allegations in Paragraph 52, and therefore denies the same.   To the extent the allegations in Paragraph 52 are directed at McCarvel, McCarvel denies the same.

53.     Paragraph 53 contains conclusory statements and/or legal conclusions to which no response is required.  To the extent a response is deemed necessary, McCarvel denies the allegations in Paragraph 53.

4856-2928-6988.3

54.     Paragraph 54 contains conclusory statements and/or legal conclusions to which no response is required.  To the extent a response is deemed necessary, McCarvel denies the allegations in Paragraph 54.

55.     Paragraph 55 contains conclusory statements and/or legal conclusions to which no response is required.  To the extent a response is deemed necessary, McCarvel denies the allegations in Paragraph 55.

56.     Paragraph 56 contains conclusory statements and/or legal conclusions to which no response is required, and allegations not directed toward McCarvel to which no response is required.  To the extent a response is deemed necessary, McCarvel denies the allegations in Paragraph 56.

57.     Paragraph 57 contains conclusory statements and/or legal conclusions to which no response is required, and allegations not directed toward McCarvel to which no response is required.  To the extent a response is deemed necessary, McCarvel denies the allegations in Paragraph 57.

58.     McCarvel admits that he returned his company-issued laptop to Crocs and that no one asked him whether he had any electronic copies of Crocs information.  Except as expressly admitted herein, McCarvel denies the allegations in Paragraph 58.

59.     McCarvel denies the allegations in Paragraph 59.

60.     McCarvel denies the allegations in Paragraph 60.

4856-2928-6988.3

**E.    McCarvel Admitted That He Stole Crocs's Proprietary and Confidential Documents and Then Signed a Perjurious Affidavit Falsely Stating That He Returned All of the Stolen Crocs Documents**

61.    McCarvel admits that Crocs sent letters to him and his attorney.  The letters speak for themselves, and McCarvel denies any allegations in Paragraph 61 that are inconsistent therewith.

62.    McCarvel admits that he responded to Crocs through his attorney and later directly on his own.  Those communications speak for themselves, and McCarvel denies any allegations in Paragraph 62 that are inconsistent therewith.

63.    The communications between McCarvel's attorney and Crocs speak for themselves.  McCarvel denies any allegations in Paragraph 48 that are inconsistent therewith.

64.    The McCarvel Affidavit, which was written by Crocs's attorneys, speaks for itself, and McCarvel denies any allegations in Paragraph 64 that are inconsistent therewith.

65.    The McCarvel Affidavit, which was written by Crocs's attorneys, speaks for itself, and McCarvel denies any allegations in Paragraph 65 that are inconsistent therewith.

66.    The McCarvel Affidavit, which was written by Crocs's attorneys, speaks for itself, and McCarvel denies any allegations in Paragraph 66 that are inconsistent therewith.

67.    McCarvel admits that, in response to a demand from Crocs, he delivered two USB drives to Crocs.  Except as expressly admitted herein, McCarvel denies the allegations in Paragraph 52.

68.    Paragraph 68 sets forth allegations that are not directed to McCarvel and therefore to which no response is required.  To the extent a response is deemed necessary, McCarvel denies the allegations in Paragraph 68.

4856-2928-6988.3

69.     The McCarvel Affidavit, which was written by Crocs's attorneys, speaks for itself, and McCarvel denies any allegations in Paragraph 69 that are inconsistent therewith.  The remainder of Paragraph 69 sets forth allegations that are not directed to McCarvel and therefore no response is required.  To the extent a response is deemed necessary,  and except as expressly admitted herein, McCarvel denies the allegations in Paragraph 69.

70.     Paragraph 70 does not contain any allegations to which a response is required.  To the extent a response is deemed necessary, McCarvel denies the allegations in Paragraph 70.

71.     Paragraph 71 does not contain any allegations to which a response is required.  To the extent a response is deemed necessary, McCarvel denies the allegations in Paragraph 71.

72.     McCarvel denies the allegations in Paragraph 72.

73.     McCarvel denies the allegations in Paragraph 73.

74.     McCarvel denies the allegations in Paragraph 74.

**F.      Discovery in the 2021 Action Reveals Defendants' Additional and Ongoing Theft and Misappropriation of Crocs's Trade Secrets and Proprietary Specifications, Standards, and Test and Audit Methods Used to Manufacture Crocs Footwear**

75.     Paragraph 75 contains conclusory statements and/or legal conclusions to which no response is required.  Furthermore, the allegations in Paragraph 75 are directed at Joybees and other unnamed individuals.  McCarvel is without sufficient information or belief to respond to the allegations in Paragraph 75, and therefore denies the same.   To the extent the allegations in Paragraph 75 are directed at McCarvel, McCarvel denies the same.

76.     The allegations in Paragraph 76 are not directed at McCarvel.  McCarvel is without sufficient information or belief to respond to the allegations in Paragraph 76, and

4856-2928-6988.3

therefore denies the same.    To the extent the allegations in Paragraph 76 are directed at McCarvel, McCarvel denies the same.

77.    The allegations in Paragraph 77 are not directed at McCarvel.  McCarvel is without sufficient information or belief to respond to the allegations in Paragraph 77, and therefore denies the same.    To the extent the allegations in Paragraph 77 are directed at McCarvel, McCarvel denies the same.

78.    Paragraph 78 contains conclusory statements and/or legal conclusions to which no response is required.  To the extent a response is deemed necessary, McCarvel denies the allegations in Paragraph 78.

79.    McCarvel denies the allegations in Paragraph 79.

80.    McCarvel denies the allegations in Paragraph 80.

81.    McCarvel denies the allegations in Paragraph 81.

82.    The allegations in Paragraph 82 are not directed at McCarvel.  McCarvel is without sufficient information or belief to respond to the allegations in Paragraph 82 and therefore denies the same.    To the extent the allegations in Paragraph 82 are directed at McCarvel, McCarvel denies the same.

83.    McCarvel denies the allegations in Paragraph 83.

84.    The allegations in Paragraph 84 are not directed at McCarvel.  McCarvel is without sufficient information or belief to respond to the allegations in Paragraph 84 and therefore denies the same.    To the extent the allegations in Paragraph 84 are directed at McCarvel, McCarvel denies the same.

4856-2928-6988.3

85.     The allegations in Paragraph 85 are not directed at McCarvel.  McCarvel is without sufficient information or belief to respond to the allegations in Paragraph 85 and therefore denies the same.   To the extent the allegations in Paragraph 85 are directed at McCarvel, McCarvel denies the same.

86.     Paragraph 86 contains conclusory statements and/or legal conclusions to which no response is required.  Furthermore, the allegations in Paragraph 86 are not directed at McCarvel.  McCarvel is without sufficient information or belief to respond to the allegations in Paragraph 86, and therefore denies the same.   To the extent the allegations in Paragraph 86 are directed at McCarvel, McCarvel denies the same.

87.     McCarvel denies the allegations in Paragraph 87.

88.     Paragraph 88 contains conclusory statements and/or legal conclusions to which no response is required.  Furthermore, the allegations in Paragraph 88 are directed at Joybees and other individuals.   McCarvel is without sufficient information or belief to respond to the allegations in Paragraph 88, and therefore denies the same.   To the extent the allegations in Paragraph 88 are directed at McCarvel, McCarvel denies the same.

89.     Paragraph 89 contains conclusory statements and/or legal conclusions to which no response is required.  Furthermore, McCarvel is without sufficient information or belief to respond to the allegations in Paragraph 89, and therefore denies the same.   To the extent the allegations in Paragraph 89 are directed at McCarvel, McCarvel denies the same.

90.     Paragraph 90 contains conclusory statements and/or legal conclusions to which no response is required.   Furthermore, McCarvel is without sufficient information or belief to

4856-2928-6988.3

respond to the allegations in Paragraph 90, and therefore denies the same.   To the extent the allegations in Paragraph 90 are directed at McCarvel, McCarvel denies the same.

91.    McCarvel is without sufficient information or belief to respond to the allegations in Paragraph 91, and therefore denies the same.   To the extent the allegations in Paragraph 91 are directed at McCarvel, McCarvel denies the same.

92.    Paragraph 92 contains conclusory statements and/or legal conclusions to which no response is required.   Furthermore, McCarvel is without sufficient information or belief to respond to the allegations in Paragraph 92, and therefore denies the same.   To the extent the allegations in Paragraph 92 are directed at McCarvel, McCarvel denies the same.

93.    Paragraph 93 contains conclusory statements and/or legal conclusions to which no response is required.   Furthermore, McCarvel is without sufficient information or belief to respond to the allegations in Paragraph 93, and therefore denies the same.   To the extent the allegations in Paragraph 93 are directed at McCarvel, McCarvel denies the same.

94.    Paragraph 94 contains conclusory statements and/or legal conclusions to which no response is required.   Furthermore, McCarvel is without sufficient information or belief to respond to the allegations in Paragraph 94, and therefore denies the same.   To the extent the allegations in Paragraph 94 are directed at McCarvel, McCarvel denies the same.

**G.    Joybees Gains an Unfair Advantage in the Market by Using Crocs's Trade Secrets and Proprietary Information**

95.    Paragraph 95 contains conclusory statements and/or legal conclusions to which no response is required.   Furthermore, the allegations in Paragraph 95 are directed at Joybees and other individuals.   McCarvel is without sufficient information or belief to respond to the

allegations in Paragraph 95, and therefore denies the same.    To the extent the allegations in Paragraph 95 are directed at McCarvel, McCarvel denies the same.

96.    The allegations in Paragraph 96 are directed to Joybees and therefore no response from McCarvel is necessary.  To the extent a response is deemed necessary, McCarvel denies the allegations in Paragraph 96.

97.    Paragraph 97 contains conclusory statements and/or legal conclusions to which no response is required.  Furthermore, the allegations in Paragraph 97 are directed to Joybees and therefore no response from McCarvel is necessary.  To the extent a response is deemed necessary, McCarvel denies the allegations in Paragraph 97.

98.    Paragraph 98 contains conclusory statements and/or legal conclusions to which no response is required.  Furthermore, the allegations in Paragraph 98 are directed to Joybees and therefore no response from McCarvel is necessary.  To the extent a response is deemed necessary, McCarvel denies the allegations in Paragraph 98.

99.    Paragraph 99 contains conclusory statements and/or legal conclusions to which no response is required.  Furthermore, the allegations in Paragraph 99 are directed to Joybees and therefore no response from McCarvel is necessary.  To the extent a response is deemed necessary, McCarvel denies the allegations in Paragraph 99.

100.    Paragraph 100 contains conclusory statements and/or legal conclusions to which no response is necessary.  To the extent a response is deemed necessary, McCarvel denies the allegations in Paragraph 100.  Furthermore, McCarvel is without sufficient information or belief to respond to the allegations in Paragraph 100, and therefore denies the same.  To the extent the

allegations in Paragraph 100 are directed at McCarvel, McCarvel denies the same. Except as expressly admitted herein, McCarvel denies the allegations in Paragraph 100.

101.    The allegations in Paragraph 101 are directed to Joybees and therefore no response from McCarvel is necessary. To the extent a response is deemed necessary, McCarvel denies the allegations in Paragraph 101.

102.    Paragraph 102 contains conclusory statements and/or legal conclusions to which no response is necessary. To the extent a response is deemed necessary, McCarvel denies the allegations in Paragraph 102. Furthermore, the allegations in Paragraph 102 are directed to Joybees and therefore no response from McCarvel is necessary. To the extent a response is deemed necessary, McCarvel denies the allegations in Paragraph 102. Except as expressly admitted herein, McCarvel denies the allegations in Paragraph 102.

103.    Paragraph 103 contains conclusory statements and/or legal conclusions to which no response is necessary. To the extent a response is deemed necessary, McCarvel denies the allegations in Paragraph 103. Furthermore, the allegations in Paragraph 103 are directed to Joybees and therefore no response from McCarvel is necessary. To the extent a response is deemed necessary, McCarvel denies the allegations in Paragraph 103. Except as expressly admitted herein, McCarvel denies the allegations in Paragraph 103.

104.    Paragraph 104 contains conclusory statements and/or legal conclusions to which no response is necessary. To the extent a response is deemed necessary, McCarvel denies the allegations in Paragraph 104. Furthermore, McCarvel is without sufficient information or belief to respond to the allegations in Paragraph 104, and therefore denies the same. To the extent the

allegations in Paragraph 104 are directed at McCarvel, McCarvel denies the same. Except as expressly admitted herein, McCarvel denies the allegations in Paragraph 104.

105.    McCarvel is without sufficient information or belief to respond to the allegations in Paragraph 105, and therefore denies the same.

106.    Paragraph 106 contains conclusory statements and/or legal conclusions to which no response is necessary. To the extent a response is deemed necessary, McCarvel denies the allegations in Paragraph 106. Furthermore, McCarvel is without sufficient information or belief to respond to the allegations in Paragraph 106, and therefore denies the same. Except as expressly admitted herein, McCarvel denies the allegations in Paragraph 106.

107.    The allegations in Paragraph 107 are directed to Joybees and therefore no response from McCarvel is necessary. To the extent a response is deemed necessary, McCarvel denies the allegations in Paragraph 107.

108.    Paragraph 108 contains conclusory statements and/or legal conclusions to which no response is necessary. To the extent a response is deemed necessary, McCarvel denies the allegations in Paragraph 108. Moreover, McCarvel is without sufficient information or knowledge to respond to the allegations in Paragraph 108, and therefore denies the same. To the extent the allegations in Paragraph 108 are directed at McCarvel, McCarvel denies the same. Except as expressly admitted herein, McCarvel denies the allegations in Paragraph 108.

**H.    Crocs Owns Valuable Trademark Rights in its Famous Word Mark**

109.    McCarvel is without sufficient information or knowledge to respond to the allegations in Paragraph 109, and therefore denies the same.

110.    McCarvel is without sufficient information or knowledge to respond to the allegations in Paragraph 110, and therefore denies the same.

111.    McCarvel is without sufficient information or knowledge to respond to the allegations in Paragraph 111, and therefore denies the same.

112.    McCarvel is without sufficient information or knowledge to respond to the allegations in Paragraph 112, and therefore denies the same.

*The Crocs Word Mark Is Famous*

113.    McCarvel is without sufficient information or knowledge to respond to the allegations in Paragraph 113, and therefore denies the same.

114.    McCarvel is without sufficient information or knowledge to respond to the allegations in Paragraph 114, and therefore denies the same.

115.    McCarvel is without sufficient information or knowledge to respond to the allegations in Paragraph 115, and therefore denies the same.

116.    McCarvel is without sufficient information or knowledge to respond to the allegations in Paragraph 116, and therefore denies the same.

117.    McCarvel is without sufficient information or knowledge to respond to the allegations in Paragraph 117, and therefore denies the same.

118.    McCarvel is without sufficient information or knowledge to respond to the allegations in Paragraph 118, and therefore denies the same.

119.    McCarvel is without sufficient information or knowledge to respond to the allegations in Paragraph 119, and therefore denies the same.

120.    McCarvel is without sufficient information or knowledge to respond to the allegations in Paragraph 120, and therefore denies the same.

121.    McCarvel is without sufficient information or knowledge to respond to the allegations in Paragraph 121, and therefore denies the same.

122.    McCarvel is without sufficient information or knowledge to respond to the allegations in Paragraph 122, and therefore denies the same.

123.    McCarvel is without sufficient information or knowledge to respond to the allegations in Paragraph 123, and therefore denies the same.

124.    McCarvel is without sufficient information or knowledge to respond to the allegations in Paragraph 124, and therefore denies the same.

125.    McCarvel is without sufficient information or knowledge to respond to the allegations in Paragraph 125, and therefore denies the same.

126.    McCarvel is without sufficient information or knowledge to respond to the allegations in Paragraph 126, and therefore denies the same.

### *The Word Mark Is Federally Registered*

127.    McCarvel is without sufficient information or knowledge to respond to the allegations in Paragraph 127, and therefore denies the same.

**I.    Crocs Owns Valuable Trademark Rights in its Famous 3D Marks**

128.    McCarvel is without sufficient information or knowledge to respond to the allegations in Paragraph 128, and therefore denies the same.

129.    McCarvel is without sufficient information or knowledge to respond to the allegations in Paragraph 129, and therefore denies the same.

130.    McCarvel is without sufficient information or knowledge to respond to the allegations in Paragraph 130, and therefore denies the same.

131.    McCarvel is without sufficient information or knowledge to respond to the allegations in Paragraph 131, and therefore denies the same.

132.    McCarvel is without sufficient information or knowledge to respond to the allegations in Paragraph 132, and therefore denies the same.

133.    McCarvel is without sufficient information or knowledge to respond to the allegations in Paragraph 133, and therefore denies the same.

134.    McCarvel is without sufficient information or knowledge to respond to the allegations in Paragraph 134, and therefore denies the same.

135.    McCarvel is without sufficient information or knowledge to respond to the allegations in Paragraph 135, and therefore denies the same.

136.    Paragraph 136 contains conclusory statements and/or legal conclusions to which no response is necessary.  To the extent a response is deemed necessary, McCarvel denies the allegations in Paragraph 136.

**J.      Joybees Repeatedly, Falsely Implies That Its Footwear Originated From Crocs or Is Otherwise Associated With Crocs**

137.    The allegations in Paragraph 137 are directed to Joybees and therefore no response from McCarvel is necessary.  To the extent a response is deemed necessary, McCarvel denies the allegations in Paragraph 137.

138.    The allegations in Paragraph 138 are directed to conclusions that will allegedly be reached by non-specified third parties and therefore no response from McCarvel is necessary. To the extent a response is deemed necessary, McCarvel denies the allegations in Paragraph 138.

22

139.    The allegations in Paragraph 139 are directed to Joybees and therefore no response from McCarvel is necessary.  To the extent a response is deemed necessary, McCarvel denies the allegations in Paragraph 139.

140.    McCarvel admits that he was interviewed by CBS Denver in 2020.  The interview speaks for itself.  Except as expressly admitted herein, McCarvel denies the allegations in Paragraph 140.

141.    McCarvel admits that he was interviewed by CBS Denver in 2020.  The contents of that interview speak for themselves.  Except as expressly admitted herein, McCarvel denies the allegations in Paragraph 141.

142.    McCarvel admits that he was interviewed for an episode of the podcast "DiscoPosse."  The podcast speaks for itself.  Except as expressly admitted herein, McCarvel denies the allegations in Paragraph 142.

143.    McCarvel admits that he was interviewed for an episode of the podcast "DiscoPosse."  The podcast speaks for itself.  Except as expressly admitted herein, McCarvel denies the allegations in Paragraph 143.

144.    McCarvel denies the allegations in Paragraph 144.

145.    McCarvel denies the allegations in Paragraph 145.

146.    The allegations in Paragraph 146 are directed to Joybees and therefore no response from McCarvel is necessary.  To the extent a response is deemed necessary, McCarvel denies the allegations in Paragraph 146.

4856-2928-6988.3

147.    The allegations in Paragraph 147 are directed to statements allegedly made by a third-party retailer and therefore no response is necessary.  To the extent a response is deemed necessary, McCarvel denies the allegations in Paragraph 147.

148.    The allegations of Paragraph 148 are directed to the thought processes or motivations of a third-party and therefore no response from McCarvel is necessary.  To the extent that a response is deemed necessary, McCarvel denies the allegations in Paragraph 148.

149.    The allegations in Paragraph 149 are directed at Joybees and therefore no response from McCarvel is necessary.  To the extent a response is deemed necessary, McCarvel denies the allegations in Paragraph 149.

150.    The allegations in Paragraph 150 are directed at Joybees and the alleged perceptions of consumers and therefore no response from McCarvel is necessary.  To the extent a response is deemed necessary, McCarvel denies the allegations in Paragraph 150.

151.    The allegations in Paragraph 151 are directed at Joybees and the alleged conclusions drawn by consumers and therefore no response from McCarvel is necessary.  To the extent a response is deemed necessary, McCarvel denies the allegations in Paragraph 151.

152.    The allegations in Paragraph 152 are directed at Joybees and the alleged conclusions drawn by consumers and therefore no response from McCarvel is necessary.  To the extent a response is deemed necessary, McCarvel denies the allegations in Paragraph 152.

**K.      Additional Evidence Confirms That Joybees Set Out to Build its Business, Brand, and Product Line in the Image of Crocs**

153.    The allegations in Paragraph 153 are directed at Joybees and therefore no response from McCarvel is necessary.  To the extent a response is deemed necessary, McCarvel denies the allegations in Paragraph 153.

154.    The allegations in Paragraph 154 are directed at Joybees and therefore no response from McCarvel is necessary.  The document cited in Paragraph 154 and attached as Exhibit 5 to the Second Amended Complaint speaks for itself.  To the extent that a response is deemed necessary, McCarvel denies the allegations in Paragraph 154.

155.    The allegations in Paragraph 155 are directed at Joybees and therefore no response from McCarvel is necessary.  The document cited in Paragraph 155 and attached as Exhibit 5 to the Second Amended Complaint speaks for itself.  To the extent that a response is deemed necessary, McCarvel denies the allegations in Paragraph 155.

156.    The allegations in Paragraph 156 are directed at Joybees and therefore no response from McCarvel is necessary.  The document cited in Paragraph 156 and attached as Exhibit 5 to the Second Amended Complaint speaks for itself.  To the extent that a response is deemed necessary, McCarvel denies the allegations in Paragraph 156.

157.    The allegations in Paragraph 157 are directed at Joybees and therefore no response from McCarvel is necessary.  To the extent that a response is deemed necessary, McCarvel denies the allegations in Paragraph 157.

158.    The allegations in Paragraph 158 are directed at Joybees and therefore no response from McCarvel is necessary.  The document cited in Paragraph 158 and attached as Exhibit 5 to the Second Amended Complaint speaks for itself.  To the extent that a response is deemed necessary, McCarvel denies the allegations in Paragraph 158.

159.    Paragraph 159 sets forth arguments, not factual allegations, and therefore no response is necessary.  To the extent a response is deemed necessary, McCarvel denies the allegations in Paragraph 159.

160.    McCarvel denies the allegations in Paragraph 160.

161.    The allegations in Paragraph 161 are directed at Joybees and therefore no response from McCarvel is necessary.  To the extent a response is deemed necessary, McCarvel denies the allegations in Paragraph 161.

162.    The document referenced in Paragraph 162 and attached as Exhibit 6 to the Second Amended Complaint speaks for itself.  Except as expressly admitted herein, McCarvel denies the allegations in Paragraph 162.

163.    The allegations in Paragraph 163 are directed at Joybees and therefore no response from McCarvel is necessary.  The document referenced in Paragraph 162 and attached as Exhibit 6 to the Second Amended Complaint speaks for itself.  To the extent a response is deemed necessary, McCarvel denies the allegations in Paragraph 163.

**L.    Joybees's Unfair Acts, Infringement, and Dilution of the Crocs Word Mark**

164.    Paragraph 164 contains conclusory statements and/or legal conclusions to which no response is required.  Moreover, the allegations in Paragraph 164 are directed at Joybees and therefore no response from McCarvel is necessary.  To the extent a response is deemed necessary, McCarvel denies the allegations in Paragraph 164.

*Crocs Owned Protectable and Famous Trademark Rights Before Joybees Promoted and Sold its Knockoff Products*

165.    McCarvel admits that he was an employee of Crocs before joining Joybees. Except as expressly admitted herein, McCarvel denies the allegations in Paragraph 165, including that he "form[ed] Joybees."

166.    McCarvel admits that he was interviewed for an episode of the podcast "DiscoPosse."  The podcast speaks for itself.  Except as expressly admitted herein, McCarvel denies the allegations in Paragraph 166.

167.    McCarvel is without sufficient information or knowledge to respond to the allegations in Paragraph 167, and therefore denies the same.

*Joybees's Use of the Word Mark in Connection with its Sale of its Knockoff Products Is Likely to Cause Confusion with the Crocs Word Mark*

168.    McCarvel denies the allegations in Paragraph 168.

169.    The allegations in Paragraph 169 are directed at Joybees and therefore no response from McCarvel is necessary.  To the extent a response is deemed necessary, McCarvel denies the allegations in Paragraph 169.

170.    The allegations in Paragraph 170 are directed at Joybees and consumers and therefore no response from McCarvel is necessary.  To the extent a response is deemed necessary, McCarvel denies the allegations in Paragraph 170.

*Joybees Intended to Copy the Crocs Word Mark and to Infringe and Dilute the Crocs Word Mark*

171.    The allegations in Paragraph 171 are directed at Joybees and therefore no response from McCarvel is necessary.  To the extent a response is deemed necessary, McCarvel denies the allegations in Paragraph 171.

172.    McCarvel admits that he is the CEO of Joybees, and that he is a former employee of Crocs.  Except as expressly admitted herein, McCarvel denies the allegations in Paragraph 172.

*Joybees Promotes and Sells its Knockoff Products in Competition with Crocs's Promotion and Sale of Products Bearing the Word Mark*

173.    The allegations in Paragraph 173 are directed at Joybees and therefore no response from McCarvel is necessary.  To the extent a response is deemed necessary, McCarvel denies the allegations in Paragraph 173.

174.    The allegations in Paragraph 174 are directed at Joybees and therefore no response from McCarvel is necessary.  To the extent a response is deemed necessary, McCarvel denies the allegations in Paragraph 174.

175.    The allegations in Paragraph 175 are directed at Joybees and therefore no response from McCarvel is necessary.  To the extent a response is deemed necessary, McCarvel denies the allegations in Paragraph 175.

*Relevant Consumers Are Susceptible to Confusion and Dilutive Associations Caused by Joybees Knockoff Products*

176.    The allegations in Paragraph 176 are directed at third party consumers and therefore no response from McCarvel is necessary.  To the extent a response is deemed necessary, McCarvel denies the allegations in Paragraph 176.

*Joybees's Knockoff Products Are Likely to Cause Confusion and Dilutive Associations with Crocs or the Crocs Word Mark*

177.    The allegations in Paragraph 177 are directed at Joybees and therefore no response from McCarvel is necessary.  To the extent a response is deemed necessary, McCarvel denies the allegations in Paragraph 177.

**M.    Joybees's Dilution of the Crocs 3D Marks and Related Unfair Acts**

178.    McCarvel denies the allegations in Paragraph 178.

179.     Paragraph 179 contains conclusory statements and/or legal conclusions to which no response is required.  Moreover, the allegations in Paragraph 179 are directed at Joybees and

28

therefore no response from McCarvel is necessary. To the extent a response is deemed necessary, McCarvel denies the allegations in Paragraph 179.

180.    Paragraph 180 sets forth legal conclusions to which no response is necessary. Paragraph 180 also sets forth allegations that are directed at Joybees and therefore no response from McCarvel is necessary. To the extent a response is deemed necessary, McCarvel denies the allegations in Paragraph 180.

181.    Paragraph 181 sets forth legal conclusions to which no response is necessary. Paragraph 181 also sets forth allegations that are directed at Joybees and therefore no response from McCarvel is necessary. To the extent a response is deemed necessary, McCarvel denies the allegations in Paragraph 181.

182.    Paragraph 182 contains conclusory statements and/or legal conclusions to which no response is required. Moreover, the allegations in Paragraph 182 are directed at Joybees and therefore no response from McCarvel is necessary. To the extent a response is deemed necessary, McCarvel denies the allegations in Paragraph 182.

183.    McCarvel is without sufficient information or knowledge to respond to the allegations in Paragraph 184, and therefore denies the same. To the extent the allegations in Paragraph 183 are directed at McCarvel, and a response is deemed necessary, McCarvel denies the same.

**N.      Joybees's Infringement of the '784 Patent**

184.    The allegations in Paragraph 184 are directed to U.S. Patent No. D610,784 S, which speaks for itself. Except as expressly admitted herein, McCarvel denies the allegations in Paragraph 184.

185.    The allegations in Paragraph 185 are directed to Crocs.  McCarvel is without sufficient information or knowledge to respond to the allegations in Paragraph 185, and therefore denies the same.

186.    The allegations in Paragraph 186 are directed to U.S. Patent No. D610,784 S, which speaks for itself.  Except as expressly stated herein, McCarvel is without sufficient information or knowledge to respond to the allegations in Paragraph 186, and therefore denies the same.

187.    The allegations in Paragraph 187 are directed at Joybees and therefore no response from McCarvel is necessary.  To the extent a response is deemed necessary, McCarvel denies the allegations in Paragraph 187.

188.    Paragraph 188 sets forth legal arguments, not factual allegations.  Accordingly, no response is necessary.  To the extent a response is deemed necessary, McCarvel denies the allegations in Paragraph 188.

189.    Paragraph 189 sets forth legal arguments, not factual allegations.  Accordingly, no response is necessary.  To the extent a response is deemed necessary, McCarvel denies the allegations in Paragraph 189.

190.    Paragraph 190 sets forth legal arguments, not factual allegations.  Accordingly, no response is necessary.  To the extent a response is deemed necessary, McCarvel denies the allegations in Paragraph 190.

191.    Paragraph 191 sets forth legal arguments, not factual allegations.  Accordingly, no response is necessary.  To the extent a response is deemed necessary, McCarvel denies the allegations in Paragraph 191.

**COUNT I:  MISAPPROPRIATION OF TRADE SECRETS UNDER THE DEFEND
TRADE SECRETS ACT (18 U.S.C. § 1836, *ET SEQ.*)
(AGAINST ALL DEFENDANTS)**

192.    McCarvel hereby incorporates and adopts paragraphs 1 through 191 of this Answer as if fully set forth herein.

193.    McCarvel is without sufficient information or knowledge to respond to the allegations in Paragraph 193, and therefore denies the same.

194.    McCarvel is without sufficient information or knowledge to respond to the allegations in Paragraph 194, and therefore denies the same.

195.    McCarvel is without sufficient information or knowledge to respond to the allegations in Paragraph 195, and therefore denies the same.

196.    McCarvel is without sufficient information or knowledge to respond to the allegations in Paragraph 196, and therefore denies the same.

197.    McCarvel is without sufficient information or knowledge to respond to the allegations in Paragraph 197, and therefore denies the same.

198.    Paragraph 198 contains conclusory statements and/or legal conclusions to which no response is required. To the extent that the allegations in Paragraph 198 set forth facts, or to the extent that a response is otherwise necessary, Joybees denies the allegations in Paragraph 198.

199.    McCarvel denies the allegations in Paragraph 199.

200.    McCarvel denies the allegations in Paragraph 200.

201.    McCarvel is without sufficient information or belief to respond to the allegations in Paragraph 201, and therefore denies the same.  To the extent the allegations in Paragraph 201 are directed at McCarvel, McCarvel denies the same.

202.    McCarvel denies the allegations in Paragraph 202.

203.    McCarvel denies the allegations in Paragraph 203.

204.    McCarvel denies the allegations in Paragraph 204.

205.    McCarvel denies the allegations in Paragraph 205.

**COUNT II:  MISAPPROPRIATION OF TRADE SECRETS UNDER COLORADO
UNIFORM TRADE SECRETS ACT (C.R.S. § 7-74-101, *ET SEQ*.)
(AGAINST ALL DEFENDANTS)**

206.    McCarvel hereby incorporate and adopts paragraph 1 through 205 of this Answer as if fully set forth herein.

207.    McCarvel is without sufficient information or knowledge to respond to the allegations in Paragraph 207, and therefore denies the same.

208.    McCarvel is without sufficient information or knowledge to respond to the allegations in Paragraph 208, and therefore denies the same.

209.    McCarvel denies the allegations in Paragraph 209.

210.    McCarvel is without sufficient information or knowledge to respond to the allegations in Paragraph 210, and therefore denies the same.

211.    McCarvel denies the allegations in Paragraph 211.

212.    McCarvel denies the allegations in Paragraph 212.

213.    McCarvel denies the allegations in Paragraph 213.

214.    McCarvel denies the allegations in Paragraph 214.

215.    McCarvel denies the allegations in Paragraph 215.

216.    McCarvel denies the allegations in Paragraph 216.

217.    McCarvel denies the allegations in Paragraph 217.

218.    McCarvel denies the allegations in Paragraph 218.

### COUNT III:  COLORADO COMMON LAW UNFAIR COMPETITION
### (AGAINST ALL DEFENDANTS)

219.    McCarvel hereby incorporate and adopt paragraphs 1 through 218 of this Answer as if fully set forth herein.

220.    McCarvel denies the allegations in Paragraph 220.

221.    McCarvel denies the allegations in Paragraph 221.

222.    The allegations in Paragraph 222 are directed at Joybees and therefore no response from McCarvel is necessary.  To the extent a response from McCarvel is deemed necessary, McCarvel denies the allegations in Paragraph 222.

223.    The allegations in Paragraph 223 are directed at Joybees and therefore no response from McCarvel is necessary.  To the extent a response from McCarvel is deemed necessary, McCarvel denies the allegations in Paragraph 223.

224.    McCarvel denies the allegations in Paragraph 224.

### COUNT IV:  CIVIL THEFT OF PROPRIETARY INFORMATION (C.R.S. § 18-4-405)
### (AGAINST ALL DEFENDANTS)

225.    McCarvel hereby incorporates and adopts paragraphs 1 through 224 of this Answer as if fully set forth herein.

226.    McCarvel denies the allegations in Paragraph 226.

227.    McCarvel denies the allegations in Paragraph 227.

228.    McCarvel is without sufficient information or knowledge to respond to the allegations in Paragraph 228, and therefore denies the same.

229.    McCarvel denies the allegations in Paragraph 229.

230.    McCarvel denies the allegations in Paragraph 230.

231.    McCarvel denies the allegations in Paragraph 231.

232.    McCarvel denies the allegations in Paragraph 232.

233.    McCarvel denies the allegations in Paragraph 233.

## COUNT V:  UNJUST ENRICHMENT (AGAINST ALL DEFENDANTS)

234.    McCarvel hereby incorporates and adopts paragraphs 1 through 233 of this Answer as if fully set forth herein.

235.    McCarvel denies the allegations in Paragraph 235.

236.    McCarvel denies the allegations in Paragraph 236.

237.    McCarvel denies the allegations in Paragraph 237.

238.    McCarvel denies the allegations in Paragraph 238.

## COUNT VI:  BREACH OF THE DUTY OF LOYALTY
## (AGAINST MCCARVEL)

239.    McCarvel hereby incorporates and adopts paragraphs 1 through 238 of this Answer as if fully set forth herein.

240.    The allegations in Paragraph 240 are conclusory statements and/or legal conclusions to which no response is required.  To the extent a response is deemed necessary, McCarvel denies the allegations in Paragraph 240.

241.    The allegations in Paragraph 241 are conclusory statements and/or legal conclusions to which no response is required.  To the extent a response is deemed necessary, McCarvel denies the allegations in Paragraph 241.

242.    McCarvel denies the allegations in Paragraph 242.

243.    McCarvel denies the allegations in Paragraph 243.

244.    McCarvel denies the allegations in Paragraph 244.

245.    The allegations in Paragraph 245 are conclusory statements and/or legal conclusions to which no response is required.  To the extent a response is deemed necessary, McCarvel denies the allegations in Paragraph 245.

246.    The allegations in Paragraph 246 are conclusory statements and/or legal conclusions to which no response is required.  To the extent a response is deemed necessary, McCarvel denies the allegations in Paragraph 246.

247.    McCarvel denies the allegations in Paragraph 247.

**COUNT VII:  TRADEMARK INFRINGEMENT UNDER SECTION 32(1) OF THE LANHAM ACT (15 U.S.C. § 1114(1)) (AGAINST JOYBEES)**

248.    McCarvel hereby incorporates and adopts paragraphs 1 through 247 of this Answer as if fully set forth herein.

249.    McCarvel is without sufficient information or knowledge to respond to the allegations in Paragraph 249, and therefore denies the same.

250.    McCarvel is without sufficient information or knowledge to respond to the allegations in Paragraph 250, and therefore denies the same.

251.    The allegations in Paragraph 251 are directed at Joybees and therefore no response from McCarvel is necessary.  To the extent a response is deemed necessary, McCarvel denies the allegations in Paragraph 251.

252.    The allegations in Paragraph 252 are directed at Joybees and therefore no response from McCarvel is necessary.  To the extent a response is deemed necessary, McCarvel denies the allegations in Paragraph 252.

253.    The allegations in Paragraph 253 are directed at Joybees and therefore no response from McCarvel is necessary.  To the extent a response is deemed necessary, McCarvel denies the allegations in Paragraph 253.

254.    The allegations in Paragraph 254 are directed at Joybees and therefore no response from McCarvel is necessary.  To the extent a response is deemed necessary, McCarvel denies the allegations in Paragraph 254.

255.    The allegations in Paragraph 255 are directed at Joybees and therefore no response from McCarvel is necessary.  To the extent a response is deemed necessary, McCarvel denies the allegations in Paragraph 255.

**COUNT VIII:  FALSE DESIGNATION OF ORIGIN/UNFAIR COMPETITION UNDER SECTION 43(a) OF THE LANHAM ACT (15 U.S.C. § 1125(a)) (AGAINST JOYBEES)**

256.    McCarvel hereby incorporates and adopts paragraphs 1 through 255 of this Answer as if fully set forth herein.

257.    The allegations in Paragraph 257 are directed at Joybees and therefore no response from McCarvel is necessary.  To the extent a response is deemed necessary, McCarvel denies the allegations in Paragraph 257.

36

258.    The allegations in Paragraph 258 are directed to Crocs's own conduct and the actions of Joybees and therefore no response from McCarvel is necessary.  To the extent a response is deemed necessary, McCarvel denies the allegations in Paragraph 258.

259.    The allegations in Paragraph 259 are directed to the "consuming public" and Joybees and therefore no response from McCarvel is necessary.  To the extent a response is deemed necessary, McCarvel denies the allegations in Paragraph 259.

260.    The allegations in Paragraph 260 are directed at Joybees and therefore no response from McCarvel is necessary.  To the extent a response is deemed necessary, McCarvel denies the allegations in Paragraph 260.

261.    The allegations in Paragraph 261 are directed at Joybees and therefore no response from McCarvel is necessary.  To the extent a response is deemed necessary, McCarvel denies the allegations in Paragraph 261.

262.    The allegations in Paragraph 262 are directed at Crocs and therefore no response from McCarvel is necessary.  To the extent a response from McCarvel is deemed necessary, McCarvel denies the allegations in 262.

263.    The allegations in Paragraph 263 are directed at Crocs and therefore no response from McCarvel is necessary.  To the extent a response from McCarvel is deemed necessary, McCarvel denies the allegations in 263.

## COUNT IX:  DILUTION OF REGISTERED TRADEMARK NO. 3,836,415 UNDER SECTION 43(c) OF THE LANHAM ACT (15 U.S.C. § 1125(c)) (AGAINST JOYBEES)

264.    McCarvel hereby incorporates and adopts paragraphs 1 through 263 of this Answer as if fully set forth herein.

265.    The allegations in Paragraph 265 are directed toward the actions of Joybees and set forth legal conclusions and therefore no response from McCarvel is necessary.  To the extent a response is deemed necessary, McCarvel denies the allegations in Paragraph 265.

266.    The allegations in Paragraph 266 are directed toward the actions of Joybees and set forth legal conclusions and therefore no response from McCarvel is necessary.  To the extent a response is deemed necessary, McCarvel denies the allegations in Paragraph 266.

267.    The allegations of Paragraph 267 are directed toward the perceptions of the "general consuming public of the United States" and therefore no response from McCarvel is necessary.  To the extent a response is deemed necessary, McCarvel denies the allegations in Paragraph 267.

268.    The allegations in Paragraph 268 are directed at Joybees and therefore no response from McCarvel is necessary.  To the extent a response is deemed necessary, McCarvel denies the allegations in Paragraph 268.

269.    The allegations in Paragraph 269 are directed at Crocs and therefore no response from McCarvel is necessary.  To the extent a response from McCarvel is deemed necessary, McCarvel denies the allegations in 269.

270.    The allegations in Paragraph 270 are directed at Crocs and therefore no response from McCarvel is necessary.  To the extent a response from McCarvel is deemed necessary, McCarvel denies the allegations in 270.

**COUNT X:  DILUTION OF REGISTERED TRADEMARK NOS. 5,149,328 AND
5,273,875 UNDER SECTION 43(c) OF THE LANHAM ACT (15 U.S.C. § 1125(c)
(AGAINST JOYBEES)**

271.    McCarvel hereby incorporates and adopts paragraphs 1 through 270 of this Answer as if fully set forth herein.

272.    The allegations in Paragraph 272 are directed toward the actions of Joybees and set forth legal conclusions and therefore no response from McCarvel is necessary.  To the extent a response is deemed necessary, McCarvel denies the allegations in Paragraph 272.

273.    The allegations in Paragraph 273 are directed at Crocs and therefore no response from McCarvel is necessary.  To the extent a response from McCarvel is deemed necessary, McCarvel denies the allegations in 273.

274.    The allegations in Paragraph 274 are directed toward the perceptions of the "general consuming public of the United States" and therefore no response from McCarvel is necessary.  To the extent a response is deemed necessary, McCarvel denies the allegations in Paragraph 274.

275.    The allegations in Paragraph 275 are directed at Joybees and therefore no response from McCarvel is necessary.  To the extent a response is deemed necessary, McCarvel denies the allegations in Paragraph 275.

276.    The allegations in Paragraph 276 are directed at Joybees and therefore no response from McCarvel is necessary.  To the extent a response is deemed necessary, McCarvel denies the allegations in Paragraph 276.

4856-2928-6988.3

277.    The allegations in Paragraph 277 are directed at Crocs and therefore no response from McCarvel is necessary.  To the extent a response is deemed necessary, McCarvel denies the allegations in Paragraph 277.

278.    The allegations in Paragraph 278 are directed at Crocs and therefore no response from McCarvel is necessary.  To the extent a response is deemed necessary, McCarvel denies the allegations in Paragraph 278.

### COUNT XI:  UNFAIR AND DECEPTIVE TRADE PRACTICES
### (C.R.S. § 6-1-101) (AGAINST JOYBEES)

279.    McCarvel hereby incorporates and adopts paragraphs 1 through 278 of this Answer as if fully set forth herein.

280.    The allegations in Paragraph 280 are directed toward the actions of Joybees and set forth legal conclusions and therefore no response from McCarvel is necessary.  To the extent a response is deemed necessary, McCarvel denies the allegations in Paragraph 280.

281.    The allegations in Paragraph 281 are directed toward the actions of Joybees and therefore no response from McCarvel is necessary.  To the extent a response is deemed necessary, McCarvel denies the allegations in Paragraph 281.

282.    The allegations in Paragraph 282 are directed toward the actions of Joybees and the alleged impact on Crocs and therefore no response from McCarvel is necessary.  To the extent a response is deemed necessary, McCarvel denies the allegations in Paragraph 282.

283.    The allegations in Paragraph 283 are directed toward the actions of Joybees and therefore no response from McCarvel is necessary.  To the extent a response is deemed necessary, McCarvel denies the allegations in Paragraph 283.

284.    The allegations in Paragraph 284 are directed toward the actions of Joybees and therefore no response from McCarvel is necessary.   To the extent a response is deemed necessary, McCarvel denies the allegations in Paragraph 284.

285.    The allegations in Paragraph 285 are conclusory and directed at Crocs and therefore no response from McCarvel is necessary.   To the extent a response is deemed necessary, McCarvel denies the allegations in Paragraph 285.

### COUNT XII:  INFRINGEMENT OF REGISTERED U.S. DESIGN PATENT NO. D610,784 (35 U.S.C. § 271) (AGAINST JOYBEES)

286.    McCarvel hereby incorporates and adopts paragraphs 1 through 285 of this Answer as if fully set forth herein.

287.    The allegations in Paragraph 287 are conclusory.   McCarvel does not have sufficient knowledge to admit or deny the allegations in Paragraph 287 and therefore denies the same.

288.    The allegations in Paragraph 288 are directed toward the actions of Joybees and therefore no response from McCarvel is necessary.   To the extent a response is deemed necessary, McCarvel denies the allegations in Paragraph 288.

289.    The allegations in Paragraph 289 are directed toward the actions of Joybees and therefore no response from McCarvel is necessary.   To the extent a response is deemed necessary, McCarvel denies the allegations in Paragraph 289.

290.    Paragraph 290 sets forth conclusory arguments rather than factual allegations and therefore no response from McCarvel is necessary.   To the extent a response is deemed necessary, McCarvel denies the allegations in Paragraph 290.

291.    The allegations in Paragraph 291 are directed toward the actions of Joybees and therefore no response from McCarvel is necessary.  To the extent a response is deemed necessary, McCarvel denies the allegations in Paragraph 291.

292.    McCarvel denies the allegations in Paragraph 292.

293.    The allegations in Paragraph 293 are directed toward the actions of Joybees and therefore no response from McCarvel is necessary.  To the extent a response is deemed necessary, McCarvel denies the allegations in Paragraph 293.

294.    The allegations in Paragraph 294 are directed toward the actions of Joybees and therefore no response from McCarvel is necessary.  To the extent a response is deemed necessary, McCarvel denies the allegations in Paragraph 294.

295.    The allegations in Paragraph 295 are directed toward the actions of Joybees and therefore no response from McCarvel is necessary.  To the extent a response is deemed necessary, McCarvel denies the allegations in Paragraph 295.

296.    The allegations in Paragraph 296 are directed toward the actions of Joybees and therefore no response from McCarvel is necessary.  To the extent a response is deemed necessary, McCarvel denies the allegations in Paragraph 296.

297.    The allegations in Paragraph 297 are directed at Crocs and Joybees and therefore no response from McCarvel is necessary.  To the extent a response is deemed necessary, McCarvel denies the allegations in Paragraph 297.

298.    The allegations in Paragraph 298 are directed at Crocs and Joybees and therefore no response from McCarvel is necessary.  To the extent a response is deemed necessary, McCarvel denies the allegations in Paragraph 298.

299.    The allegations of Paragraph 299 are directed toward the actions of Joyebees and set forth legal conclusions and therefore no response from McCarvel is necessary.  To the extent a response is deemed necessary, McCarvel denies the allegations in Paragraph 299.

300.    The allegations of Paragraph 300 are directed toward the actions of Joyebees and set forth legal conclusions and therefore no response from McCarvel is necessary.  To the extent a response is deemed necessary, McCarvel denies the allegations in Paragraph 300.

## COUNT XIII: CONVERSION UNDER COLORADO COMMON LAW
## (AGAINST ALL DEFENDANTS)

301.    McCarvel hereby incorporates and adopts paragraphs 1 through 300 of this Answer as if fully set forth herein.

302.    McCarvel denies the allegations in Paragraph 302.

303.    McCarvel denies the allegations in Paragraph 302.

304.    McCarvel is without sufficient information or knowledge to respond to the allegations of Paragraph 304, and therefore denies the same.

305.    McCarvel denies the allegations in Paragraph 305.

306.    McCarvel denies the allegations in Paragraph 306.

307.    McCarvel denies the allegations in Paragraph 307.

308.    McCarvel denies the allegations in Paragraph 308.

## COUNT XIV: TORTIOUS INTERFERENCE WITH A BUSINESS RELATIONSHIP OR
## PROSPECTIVE BUSINESS RELATIONSHIP
## (AGAINST ALL DEFENDANTS)

309.    McCarvel hereby incorporates and adopts paragraphs 1 through 308 of this Answer as if fully set forth herein.

310.    McCarvel denies the allegations in Paragraph 310.

311.    Paragraph 311 sets forth conclusory arguments rather than factual allegations and therefore no response from McCarvel is necessary.  To the extent a response is deemed necessary, McCarvel denies the allegations in Paragraph 311.

312.    McCarvel denies the allegations in Paragraph 312.

313.    McCarvel denies the allegations in Paragraph 313.

314.    McCarvel denies the allegations in Paragraph 314.

315.    McCarvel denies the allegations in Paragraph 315.

**COUNT XV: BREACH OF CONTRACT
(AGAINST MCCARVEL)**

316.    McCarvel hereby incorporates and adopts paragraphs 1 through 315 of this Answer as if fully set forth herein.

317.    McCarvel denies the allegations in Paragraph 317.

318.    The allegations in Paragraph 318 are directed at Crocs and therefore no response from McCarvel is necessary.  To the extent a response is deemed necessary, McCarvel admits that he was compensated by Crocs during the term of his employment agreement with Crocs. Except as expressly admitted herein, McCarvel denies the allegations in Paragraph 318.

319.    McCarvel denies the allegations in Paragraph 319.

320.    McCarvel denies the allegations in Paragraph 320.

**PRAYER FOR RELIEF**

Defendant McCarvel denies that Plaintiff is entitled to any relief as requested.

## **AFFIRMATIVE DEFENSES**

Defendants deny any and all allegations in the Complaint that are not expressly admitted herein. Defendants answer further and would show the Court that Plaintiff's claims are barred by the following affirmative defenses. Defendants reserve the right to supplement and/or amend this Answer to include additional defenses that are discovered during the course of this lawsuit.

### **FIRST DEFENSE**

1.      The Complaint, and each and every count, allegation, and prayer for relief set forth therein, fails to state a claim upon which relief can be granted against Defendants.

### **SECOND DEFENSE**

2.      Plaintiff's claims are barred and/or limited by one or more of the equitable doctrines of laches, waiver, equitable estoppel, and unclean hands.

### **THIRD DEFENSE**

3.      Plaintiff's claims are barred and/or limited by its failure to mitigate its damages.

### **FOURTH DEFENSE**

4.      Any damages suffered by Plaintiff are caused by its own acts or omissions, including, without limitation, its failure to mitigate damages.

### **FIFTH DEFENSE**

5.      Defendants have at all times acted in good faith, including by taking prompt and reasonable measures to ensure that third parties do not use documents and information from others in the creation, production, or manufacturing of products for Joybees.

**SIXTH DEFENSE**

6.      Plaintiff's claims are asserted in bad faith and represent a thinly veiled attempt at stomping out competitors with baseless claims.

**SEVENTH DEFENSE**

7.      The documents alleged by Plaintiff as trade secrets do not constitute protectable trade secrets, as Plaintiff has not taken adequate measures to protect the confidentiality of its documents, and Plaintiff has not suffered any harm from the alleged disclosure of those documents, as the documents and information were previously disclosed by others besides Defendants.

4856-2928-6988.3

Respectfully submitted this 27th day of March, 2024.

KUTAK ROCK LLP

*s/ Chad T. Nitta*
Chad T. Nitta
Shelby L. Morbach
Heather N. Tilley
Jason S. Jackson
2001 16th Street, Suite 1800
Denver, CO 80202
Tel:  303-297-2400
chad.nitta@kutakrock.com
shelby.morbach@kutakrock.com
heather.tilley@kutakrock.com
jason.jackson@kutakrock.com

Saul S. Rostamian
SHEPPARD MULLIN
1901 Avenue of the Stars, Suite 1600
Los Angeles, CA  90067
Tel: 310.228.2275
srostamian@sheppardmullin.com

*ATTORNEYS FOR DEFENDANTS*

## CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of March, 2024, I electronically filed the foregoing

**DEFENDANT KELLEN MCCARVEL'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Suneeta Hazra
ARNOLD & PORTER KAYE SCHOLER LLP
1144 Fifteenth Street, Suite 3100
Denver, CO 80202
Tel: (303) 863-1000
Suneeta.Hazra@arnoldporter.com
*Attorneys for Plaintiff*

Sean M. Callagy
Isaac L. Ramsey
ARNOLD & PORTER KAYE SCHOLER LLP
Three Embarcadero Center, 10th Floor
San Francisco, CA 9411
Tel: 415.471.3100
Sean.Callagy@arnoldporter.com
Isaac.ramsey@arnoldporter.com
*Attorneys for Plaintiff*

Jonathan K. Cooperman
Brianna J. Santolli
KELLEY DRYE & WARREN LLP
3 World Trade Center
175 Greenwich Street
New York, NY 10007
Tel: (212) 808-7800
jcooperman@kelleydrye.com
bsantolli@kelleydrye.com
*Attorneys for Plaintiff*

*s/ Chad T. Nitta*
Chad T. Nitta
KUTAK ROCK LLP
2001 16th Street, Suite 1800
Denver, CO 80202
Tel:  303-297-2400
chad.nitta@kutakrock.com